[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE #111
This matter is before the court on the defendant, Frank Plaskawicki's motion to strike counts three and four and the plaintiff's demand for relief of double or treble damages.
The plaintiffs, Marcus Marin PPA and Milagros DeLeon, filed their revised complaint on September 30, 1994, alleging negligence and recklessness. The revised complaint alleges that the defendants, Geovanie Lopez and Rigoberto Acevedo, were involved in an automobile accident while the plaintiff, DeLeon, was a passenger in the automobile operated by Acevedo. The revised complaint alleges further that Lopez's operation of his vehicle was reckless and in violation of General Statutes § 14-222. In addition, the revised complaint alleges that the other named defendant, Frank Plaskawicki, was the owner of the automobile driven by Lopez. The plaintiffs have claimed double or treble damages with respect to counts three and four of the complaint pursuant to General Statutes § 14-295.[1]
On October 21, 1994, Plaskawicki filed a motion to strike counts three and four of the revised complaint and the plaintiff's claim for double or treble damages under those counts on the ground that double or treble damages pursuant to § 14-295 cannot be "imputed upon" an employer/owner. Plaskawicki filed a memorandum of law in support of his motion. The plaintiffs have not filed a memorandum in opposition to the motion. The court will nevertheless, consider the motion on its merits.[2]
CT Page 12453
The purpose of a motion to strike is "to test the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." Gordon v. BridgeportHousing Authority, 208 Conn. 161, 170, 544 A.2d 1185 (1988). In deciding upon a motion to strike the court shall construe the facts alleged most favorably to the pleader. Novametrix MedicalSystems, Inc. v. BOC Group, Inc., 224 Conn. 210, 215,618 A.2d 25 (1992). If the facts provable under the allegations of the complaint would support a cause of action or defense, the motion to strike must be denied. Ferryman v. Groton, 212 Conn. 138,142, 561 A.2d 432 (1989).
Plaskawicki bases his motion to strike on the proposition that an employer/owner of an automobile may not be held liable for multiple damages pursuant to General Statutes § 14-295
because the statute does not explicitly provide for such liability. In support of his motion, Plaskawicki cites two superior court cases holding that defendants who are vicariously liable for the torts of drivers either by way of the family car doctrine; Sperger v. Roseman, 3 Conn. L. Rptr. 3 (1990) (Aronson, J.);[3] or pursuant to General Statutes § 52-183;Byrnes v. General Oil Co., 3 Conn. L. Rptr. 165 (1991) (Dunn, J.); are not liable for multiple damages.[4] In both cases, the courts distinguished Gionfriddo v. Avis Rent A CarSystem, Inc., 192 Conn. 280, 284-90, 472 A.2d 306 (1984), which held, pursuant to General Statutes § 14-154a, that two defendants who rented a car to the defendant driver were liable for treble damages.
Plaskawicki likewise distinguishes the rule adopted inGionfriddo from the facts as alleged in the plaintiff's revised complaint. Plaskawicki argues that because the legislative intent upon which the Gionfriddo court grounded its holding is absent from General Statutes § 14-295, the common law rule that punitive damages should not be assessed upon defendants who are only vicariously liable in tort should preclude the plaintiff's claims of double and/or treble damages with respect to Plaskawicki. See Maisenbacker v. Society Concordia, 71 Conn. 369,379-80, 42 A. 67 (1899).
In contrast to Plaskawicki's position and cases cited in support thereof, other superior court cases that have considered the issue have allowed for multiple recovery. In Courtois v.Carr, 5 Conn. L. Rptr. 330 (1991) (Corrigan, J.), the court interpreted General Statutes § 52-183 as allowing for CT Page 12454 multiple recovery against an employer. Focusing on the reference to recklessness in § 52-183, the court reasoned that because General Statutes § 14-295 allows for multiple recovery for recklessness, multiple recovery against an employer should be allowed. See also Waslewski v. Robinson,6 Conn. L. Rptr. 138 (1992) (Byrne, J.).
In Knowling v. Severns, 2 CSCR 235 (1985) (Noren, J.) the court cited Levick v. Norton, 51 Conn. 451 (1884) interpreting the statute preceding § 52-183 to allow for multiple recovery against the owner. In addition, the Knowling court interpreted Gionfriddo, supra, 192 Conn. 283, as impliedly endorsing the propriety of a multiple damages award with respect to owners as well as lessors of automobiles. Knowling v.Severns, supra, 235, citing Gionfriddo v. Avis Rent A CarSystem, Inc., supra, 288 n. 4 (1987).
Although authority is split as to whether a plaintiff may recover multiple damages from a defendant owner who is vicariously liable for a co-defendant's reckless conduct pursuant to § 14-295, this court adopts as the better reasoned cases those which deny such recovery. The Gionfriddo court recognized that the statute pursuant to which it allowed multiple recovery "imposes liability to a significantly greater extent than vicarious liability at common law. . . ." Gionfriddov. Avis Rent A Car System, Inc., supra, 192 Conn. 288 (1984). Moreover, the language in Gionfriddo, relied upon in Knowling
was intended merely to analogize a case brought under a predecessor statute which was subsequently amended and then repealed, and was not intended to be applied broadly to cases falling outside of § 14-154a. Further, the Gionfriddo court relied exclusively on the language in § 14-154a which allowed for a departure from the common law standard of recovery, and that absent such language, the common law standard should apply. SeeCunningham v. Langlois, 5 Conn. L. Rptr. 79 (1991) (McWeeny, J.). Hence, because §§ 14-295 and 52-183 do not contain language explicitly allowing for an expansion of the common law restraint on the imposition of multiple damages upon defendant owners whose liability is vicarious, counts three and four of the revised complaint and the plaintiffs' claim for multiple damages are stricken as to Plaskawicki. Accordingly, the motion to strike (#111) is granted.