[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a personal injury case stemming from an automobile accident. The facts as pleaded in the plaintiffs' amended complaint of April 6, 1992 are as follows. On or about June 2, 1990, an automobile owned by the defendant, Richard J. Soucy, was being operated by his son, Shawn M. Soucy (also a named defendant in this action), westbound on Interstate 84 in Southington, Connecticut at approximately 2:30 a.m. when a collision occurred between Soucy's vehicle and an automobile owned and operated by the plaintiff, Scott J. Gelormino. At the time of the collision, Lisa Franceskino, also a plaintiff in this action, was a passenger in Gelormino's vehicle.
The plaintiffs assert causes of action against both defendants under the theories of negligence, recklessness under General Statutes § 14-295, and vicarious liability through the family car doctrine. The plaintiffs claim that Shawn M. Soucy was operating the Soucy vehicle at the time of the collision under the influence of alcohol. They further claim that as a result of the collision they have incurred various physical and emotional injuries, as well as financial damages.
On August 5, 1994, the plaintiffs filed an application for a prejudgment remedy in connection with the alleged damages sought in this case. The plaintiffs allege that Richard J. Soucy is likely to be vicariously liable to them under § 14-295
for double or treble damages, via the family car doctrine, based upon the alleged reckless conduct of his son. The plaintiff maintains that if the court agrees that liability for double or treble damages should vicariously extend to the defendant, then those damages may not be covered by the defendant's insurance policy. The plaintiffs therefore seek attachment of real CT Page 753 property of Richard J. Soucy as well as garnishment of any other assets possessed by or owing to Richard J. Soucy in the amount of one hundred thousand dollars ($100,000). The plaintiffs have filed a brief in support of their application as well as the affidavits of both plaintiffs.
The defendant, Richard J. Soucy, has filed a brief in opposition.
"`Prejudgment remedy' means any remedy or combination of remedies that enables a person by way of attachment, foreign attachment, garnishment or replevin to deprive the defendant in a civil action of, or affect the use, possession or enjoyment by such defendant of, [its] property prior to final judgment but shall not include a, temporary restraining order." General Statutes § 52-278a(d); Fermont Division v. Smith, 178 Conn. 393,398, 423 A.2d 80 (1979). "That prejudgment remedies are available in both legal and equitable proceedings is clearly demonstrated by General Statutes 52-278b, which refers to the availability of such remedies `in any action at law or equity.'"England v. England, 184 Conn. 85, 88, 440 A.2d 790 (1981).
In deciding whether to grant a plaintiff's application for a prejudgment remedy, the court must decide if "probable cause to sustain the validity of the plaintiff's claim" exists. General Statutes § 52-278d(a). The court looks to "whether and what extent the plaintiff is entitled to have the property of the defendant held in the custody of law pending adjudication of the merits of that action." E.J. Hensen Elevator, Inc. v. Stoll,167 Conn. 623, 629-30, 356 A.2d 893 (1975); New England LandCompany Limited v. DeMarkey, 213 Conn. 612, 620, 569 A.2d 1098
(1990).
In the present case the plaintiffs have conceded that should the court find that no liability under General Statutes § 14-295 extends vicariously to Richard J. Soucy through the family car doctrine based on the reckless conduct of his son, then there is no need for the court to consider the plaintiffs' application for a prejudgment remedy any further.
"It has long been settled in Connecticut that when a car is maintained by its owner for the `general use and convenience of his or her family,' the owner is jointly and severally liable for the negligence of a family member, who, having general authority to drive the car, uses it negligently while embarked CT Page 754 on family purpose . . . ." Cook v. Nye, 9 Conn. App. 221, 225,518 A.2d 77 (1986).
"General Statutes § 52-182 sets forth the `family car doctrine.'" Trichilo v. Trichilo, 190 Conn. 774, 462 A.2d 1048
(1983).
The plaintiffs acknowledge that the issue they are raising, that is, whether the family car doctrine should be interpreted to cover reckless acts of the driver, and therefore create the possibility of double or treble damage liability of the owner under § 14-295, has previously been decided against them by at least two Connecticut Superior Court cases. Sperger v. Roseman,3 Conn. L. Rptr. 7 (December 5, 1990, Aronson, J.) (a person is not liable for double and treble damages under § 14-295 under the theory of the family car doctrine for allegedly wilful misconduct by the driver of the vehicle); Krisak v. Pendagast,9 Conn. L. Rptr. 286 (June 21, 1993, Lager, J.).
Nevertheless, the plaintiffs contend that neither the Appellate Court nor the Supreme Court of this state have decided the present issue, therefore this court may find, contrary toSperger and Krisak, that liability of the driver for reckless conduct in a motor vehicle accident under § 14-295 does extend vicariously to the owner of the vehicle through the family car doctrine. In support of the position that vicarious liability should extend to the defendant, the plaintiffs cite Knowling v.Severns, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 311246 (January 9, 1987, Noren, J.), and, Rodrigues v. Woodland, 3 CSCR 21 (November 4, 1987, Hale, J.). Both of these cases found that liability for the reckless conduct of an employee under § 14-295 possibly may extend vicariously to an employer.
While the issues in Knowling v. Severns, supra, andRodrigues v. Woodland, supra, are similar to the issue in the present case, the issue in Sperger v. Roseman, supra, and Krisakv. Pendagast, supra, are directly on point.
In Krisak, the court, Lager, J., considered the identical issue of vicarious liability for reckless acts under the family car doctrine raised in the present case, and reasoned that "[t]here is absolutely no expression of legislative intent in52-182 that the owner of the family car should have liability identical to that of the operator. Sperger v. Roseman, [supra], CT Page 7553 Conn. L. Rptr. 3, 4 (1990) (Aronson, J.). Moreover at common law there is no vicarious liability for punitive or exemplary damages. Id.; see Gionfriddo v. Avis Rent a Car System, Inc.,192 Conn. 280, 288-89, 472 A.2d 306 (1984); Maisenbacker v.Society Concordia, 71 Conn. 369, 379, 42 A. 67 (1899). Since neither the statute nor the common law provides a basis for imposing punitive or exemplary damages on the defendant owner here for the reckless conduct of the defendant operator, the defendant owner cannot be found liable as a matter of law for any alleged recklessness of the defendant operator."[1] Krisakv. Pendagast, supra, p. 287.
Based on the reasoning in Krisak, the plaintiffs' request to find that liability under § 14-295, for double or treble damages, extends vicariously to the owner of a vehicle under the family car doctrine based on the reckless conduct of the driver is denied. Consequently, the plaintiffs' application for a prejudgment remedy against the defendant in the amount of one hundred thousand dollars ($100,000) is also denied.
WEST, J.