[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (#140)
On February 21, 1995, the plaintiff, Ann Pappalardo, filed a three count revised complaint against the defendants, Michael and Ann W. Pellicci. The plaintiff alleges that Michael Pellicci, while operating a motor vehicle owned by Ann Pellicci, struck the plaintiff and causing her to suffer injuries. The plaintiff alleges negligence in count one, recklessness under General Statutes § 14-295[1] in count two, and common law recklessness in count three.
On May 5, 1995 the defendant, Ann Pellicci, filed a motion for summary judgment on count two on the ground that the plaintiff may not recover double or treble damages against an owner, non-operator of a family car. The plaintiff filed a memorandum in opposition on May 18, 1995.
The defendant, Anne Pellicci, asserts that a plaintiff cannot recover double/treble damages, pursuant to General Statutes CT Page 7707 § 14-295, from an owner, non-operator of a family car. The plaintiff contends that the defendant's motion is more properly brought on a motion to strike, and that such damages may be recovered from a non-operator pursuant to the family car doctrine.
The plaintiff first argues that the defendant's motion is not properly brought by a motion for summary judgment, but should have been brought by a motion to strike. The defendant's motion does not attack the sufficiency of the plaintiff's allegations, however, but rather maintains that, assuming the truth of the plaintiff's allegations, the defendant is entitled to judgment in her favor as a matter of law. Therefore, the grounds of the defendant's motion are properly the subject of a motion for summary judgment.
Regarding the merits of the defendant's motion, the majority of decisions on this subject have held that punitive or exemplary damages may not be imposed on a defendant owner because General Statutes § 52-182, which codifies the family car presumption, does not express a legislative intent that the owner of a family car have liability identical to the operator, and because there is no liability for punitive or exemplary damages at common law.Gelormino v. Soucy, 1 Conn. Ops. 224, 225 (January 18, 1995, West, J.); Krisak v. Pendagast, 9 Conn. L. Rptr. 286, 287 (June 21, 1993) (Lager, J.); Sperger v. Roseman, 3 Conn. L. Rptr. 3, 4 (December 5, 1990) (Aronson, J.).
Accordingly, the defendant's motion for summary judgment as to count two of the plaintiff's revised complaint is granted.
DEAN, J.