[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED APRIL 23, 1996
This case arises out of a fatal automobile accident. The defendant, Jane Santora, has filed a motion to strike the claims for relief in Counts 6 and 7 of the complaint. The plaintiff seeks multiple damages pursuant to § 14-295 of the General Statutes regarding Count 6 and punitive damages regarding count 7. The remaining counts that the defendant moves to strike are Counts 13 and 14 which are loss of consortium claims derivative of counts 6 and 7. CT Page 2895-EEE
I believe the motions to strike are properly aimed at the claims for punitive and/or multiple damages demanded as to each of these counts. Each of these counts also requests compensatory damages so even if the plaintiff is not entitled to punitive and/or multiple damages I do not believe the entire count should be stricken because such relief was requested in addition to a claim for compensatory damages.
Here Jane Santora allegedly owned a vehicle operated by a Michael McWeeney as her servant, agent or employee. The Santora vehicle struck a car being driven by the plaintiffs decedent. The plaintiffs decedent has now sued Ms. Santora and seeks multiple and punitive damages from Santora claiming the owner of a vehicle should be vicariously liable for multiple damages recoverable under § 14-295 of the General Statutes for the reckless conduct of the operator.
That statute reads as follows:
 In any civil action to recover damages resulting from personal injury, wrongful death or damage to property the trier of fact may award double or treble damages if the injured party has specifically pleaded that another party has deliberately or with reckless disregard operated a motor vehicle in violation of §§ 14-218a, 14-219, 14-222, 14-227a, 14-230, 14-234, 14-237, 14-239 or 14-240a and that such violation was a substantial factor in causing such injury, death or damage to property.
The plaintiffs decedent also makes a claim for punitive damages because of the allegedly reckless and wanton operation of the car by the operator.
(1)
Apart from the question of damages the mechanism enacted by the legislature to bring this action against the defendant Santora is § 52-183 of the General Statutes. That statute reads as follows:
 In any civil action brought against the owner of a motor vehicle to recover damages for the negligent or reckless operation of a motor vehicle, the operator, CT Page 2895-FFF if he (sic) is other than the owner of the motor vehicle, shall be presumed to be the agent and servant of the owner of the motor vehicle and operating in the course of his (sic) employment. The defendant shall have the burden of rebutting the presumption.
There is a split of authority among Superior Court cases as to whether an owner sued under § 52-183 can be held liable for multiple damages under § 14-295. Cases permitting such recovery are Knowling v. Stevens, 2 CSCR 235 (1987), Lockwood v.Gorski, 1994 CaseBase 4608 (5/4/94), cases holding such recovery is not allowed are Hamilton v. Zarelli, 1 Conn. Op. 1258 (1995),Maren ppa et al. v. Piaskawicki et al., 13 Conn. L. Rptr. 174
(1994).
Turning specifically to the relationship between § 52-183
and § 14-295, cases holding the owner is subject to a multiple damage award rely on Gionfriddo v. Avis Rent A CarSystem Inc., 192 Conn. 280 (1984). But a reading of Gionfriddo
indicates that the operative statute, § 14-154a, reads nothing like § 52-183. At common law Gionfriddo recognized that there was no vicarious liability for punitive or exemplary damages. id., p. 288, cf Maisenbacker v. Society Concordia,71 Conn. 369, 379 (1899). The reason why the Gionfriddo court was willing to extend the protections of what is basically a penal-type statute (§ 14-295) to lessors of rental vehicles is that § 14-154a explicitly modified the common law. It was a so-called "alter ego" statute. At pp. 287-88 the court said: "The present § 14-154a . . . expressly makes owners and lessors liable `to the same extent as the operator(s).' This legislative expression of public policy grounded in continued concern for safety of traffic upon the public highways . . . necessarily displaces and overrides common law presumptions about the relationship of insurer and insured, master and servant, employer and employee."
There is nothing in the language of § 52-183 let alone that of § 14-295 which indicates the still operative common law presumption against imposing vicarious liability on an employer/owner of a vehicle or an § 52-183 owner presumed to be a principal/employer was meant to be overridden.
The Lockwood case makes an interesting argument in favor of imposing multiple damages without relying on Gionfriddo. The court notes that § 52-183 "expressly contemplates the CT Page 2895-GGG possibility that an action claiming reckless operation of a motor vehicle may be brought against an owner as well as an operator . . . Thus, for the legislature to have set up an evidentiary presumption in two distinct categories of cases, i.e. negligence and recklessness, without constituting recognition of a cause of action for vicarious recklessness would be attributing to the legislature a useless act."
But the whole point is that § 52-183 does set up an evidentiary presumption. Connecticut early on has held that a master is liable for not only negligent and wanton but also the willful acts of his or her servant. Stone v. Hills, 45 Conn. 44,47 (1877), see discussion in Son v. Hartford Ice Cream Co., 696, 698 et seq. (1925). Section 52-183 only wanted to make clear that the presumption it was creating didn't operate against the §52-183 owner where intentional torts were involved. Thus the "negligence" — "reckless" language in the statute certainly does have a purpose and can't be used to defeat the common law rule against vicarious liability for punitive damages.
Leaving aside the interrelationship between § 52-183 and § 14-295 and without reference to § 52-183 it has been held that an employer can be held liable in multiple damages for the acts of the employee through applications of § 14-295,Rodriguez v. Woodland, 3 CSCR 21 (1987). Cunningham v. Langlois,5 Conn. L. Rptr. 79 (1991) and Byrnes v. General Oil Co.,3 Conn. L. Rptr. 165 (1991). Where § 52-183 is used as the mechanism to bring the "owner" of the motor vehicle into the case, the result should be the same as to the multiple damages issue as the result arrived at on this issue where an actual employer is sued for the acts of his or her employee.
I believe that an employer directly sued for the acts of its agents cannot be held liable for double or treble damages under § 14-295 and the cases cited above for this proposition seem persuasive. If this is so it would be incongruous to have a statutory scheme permitting multiple damages where plaintiff merely relies on the § 52-183 statutory presumption of employer status to bring suit against the owner of a vehicle whose operator caused injury.
(2)
Apart from the question of multiple damages under § 14-295
I do not believe the plaintiff, under the above-referenced CT Page 2895-HHH common law principle is entitled to punitive damages or exemplary damages on the basis of vicarious liability and for the reasons previously stated nothing in the language of § 52-183 changes that.
I will strike all claims for multiple and/or punitive or exemplary damages in Counts 6, 7, 13 and 14. I will not strike the counts as such although the effect of this ruling may make the pleading duplicitous. But the later ground was not raised before me.
CORRADINO, J.