[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED JUNE 19, 1996 CT Page 5001
On November 6, 1995, the plaintiff, Isabel Gomez, as Co-Administratrix of the Estate of John V. Daoutis, filed a two-count complaint in negligence and recklessness against the defendants, Mitsubishi Motors Credit of America, Inc. (Mitsubishi) and George Daoutis. In her prayer for relief the plaintiff seeks double and treble damages pursuant to General Statutes § 14-295. The plaintiff alleges that on July 4, 1995, Christos Daoutis was operating a motor vehicle, which was owned by Mitsubishi and leased to George Daoutis, and in which John V. Daoutis was riding as a passenger. The plaintiff also alleges that Christos Daoutis was operating the vehicle as an agent, servant or employee of George Daoutis. The plaintiff further alleges that on that date Christos Daoutis was operating the vehicle on Route 15 in Woodbridge, Connecticut, when he crashed the vehicle causing injuries to John V. Daoutis which eventually led to his death.
The defendant, George Daoutis, on January 22, 1996, filed a motion to strike count two on the ground that double and treble damages under § 14-295 may not be vicariously imposed. The plaintiff filed a memorandum in opposition to the motion to strike dated May 1, 1996, to which George Daoutis replied on May 6, 1996.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Novametrix Medical Systems v. BOC Group, Inc.,224 Conn. 210, 214-15, 618 A.2d 25 (1992). "This includes the facts necessarily implied and fairly provable under the allegations . . . It does not include, however, the legal conclusions or opinions stated in the complaint . . ." S.M.STextile v. Brown, Jacobson, Tillinghast, Lahan and King, P.C.,32 Conn. App. 786, 796, 631 A.2d 340 (1993). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." Id. "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems v.BOC Group, Inc., supra, 224 Conn. 215. CT Page 5002
George Daoutis argues that there is no vicarious liability for the imposition of double or treble damages under common law or the family car doctrine. The plaintiff maintains that the family car doctrine is inapplicable to this action, and that the plaintiff relies upon its allegation that Christos Daoutis was the agent, servant or employee of George Daoutis, and General Statutes § 14-154a.
From the facts alleged in the complaint it is not possible to ascertain whether the parties fall within the parameters of the family car doctrine, General Statutes § 52-182.[1] The plaintiff argues that this action does not fall within the family car doctrine. However, even if the facts were such as to invoke § 52-182, the superior courts have uniformly determined that § 52-182 does not allow the imposition of double and treble damages on the owner for the reckless conduct of the operator. See Hamilton v. Zarelli, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 145033 (October 27, 1995) (D'Andrea, J.); Gelormino v. Soucy, Superior Court, judicial district of Waterbury, Docket No. 106827 (January 18, 1995) (West, J., 13 CONN. L. RPTR. 341); Krisak v. Pendagast,
Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 263835 (June 21, 1993) (Lager, J., 9 CONN. L. RPTR. 286); Sperger v. Roseman, Superior Court, judicial district of Hartford/New Britain at New Britain, Docket No. 437853 (December 5, 1990) (Aronson, J., 3 CONN. L. RPTR. 3).
The plaintiff argues that George Daoutis is liable for double and treble damages under § 14-295 based upon her allegation that Christos Daoutis was the agent, servant and/or employee of George Daoutis. This argument alleges the liability of George Daoutis under either common law or General Statutes §52-183.[2] However, under common law there "is no vicarious liability for punitive or exemplary damages." Gelormino v. Soucy,
supra, citing, Gionfriddo v. Avis Rent A Car System, Inc.,192 Conn. 280, 288-89, 472 A.2d 306 (1984). Moreover, a split of opinion exists in the superior courts over whether § 52-183
allows for double or treble damages. The cases which have held that § 52-183 permits double and treble damages to be imposed on the owner have determined either that the language of §52-183 raises a presumption that the owner is liable for the reckless operation of the vehicle; Waslewski v. Robinson,
Superior Court, judicial district of Hartford/New Britain at New Britain, Docket No. 445908 (February 11, 1992) (Byrne, J., 6 CT Page 5003 CONN. L. RPTR. 138); and Courtois v. Carr, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 393665 (December 12, 1991) (Corrigan, J., 5 CONN. L. RPTR. 330); or that the holding of Gionfriddo interpreting 14-154a,[3] is analogous; Rodrigues v. Woodland, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 322890 (November 4, 1987) (Hale, J., 3 CSCR 21); and Knowling v.Severns, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 311246 (January 9, 1987) (Noren, J., 2 CSCR 235); or both. Tudhope v. J.P. Jarjura Sons,
Superior Court, judicial district of Waterbury, Docket No. 098459 (July 23, 1992) (Langenbach, J., 7 CONN. L. RPTR. 132).
The other line of cases have distinguished Gionfriddo, in that the language of § 14-154a specifically imposes the same liability on the lessor as upon the operator, while § 14-295
and § 52-183 do not contain such language. Hamilton v.Zarelli, supra; Marin v. Plaskawicki, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 313690 (December 8, 1994) (Maiocco, J., 13 CONN. L. RPTR. 174, 175); Cunningham v.Langlois, Superior Court, judicial district of Tolland at Rockville, Docket No. 047976 (October 1, 1991) (McWeeny, J., 5 CONN. L. RPTR. 79); see also Byrnes v. General Oil Co. ofHartford, Superior Court, judicial district of Tolland, Docket No. 044645 (January 23, 1991) (Dunn, J., 3 CONN. L. RPTR. 165).
Because the language of § 52-183 does not expressly impose the same liability upon the owner, as that imposed upon the operator, George Daoutis, as lessee, cannot be liable for double and treble damages under § 14-295. The plaintiff also argues that George Daoutis is liable pursuant to § 14-154a. However, that statute only applies to the lessor of a motor vehicle, while the plaintiff has alleged that George Daoutis was the lessee. Accordingly, the motion to strike count two as to George Daoutis is granted.
Ballen, J.