[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED JUNE 26, 1996
FACTS
This action arises out of a February 19, 1994, multi-vehicle accident that occurred in the northbound lane of Interstate 95, near its intersection with Exit 81, in the Town of Waterford, Connecticut. The plaintiffs, Charles N. Silva and Juan Arroyo, commenced this action on March 1, 1996, against defendants Paul Machnik (Machnik), the Machnik Construction Company (Company), a Connecticut corporation, and four other named defendants. Of the seven counts of the complaint, only those allegations contained in the fourth count against Machnik and the Company are relevant to the present motion to strike.
The plaintiffs allege that they were passengers in a northbound vehicle under the control and operation of defendant Jose Arroyo, and that the defendant allowed the vehicle to violently collide with the rear of a tractor trailer travelling in front of it, causing the plaintiffs and their contents to be hurled about the passenger compartment and resulting in their various enumerated injuries. The plaintiffs further allege that the tractor trailer with which their vehicle so violently collided was owned by the Machnik Construction Co., that it was being operated by its agent, servant or employee, Machnik, and that it had careened into a prior motor-vehicle accident on the highway, resulting in the chain-reaction pile-up in which the CT Page 4832 plaintiffs suffered their injuries. The plaintiffs assert claims for recklessness against Machnik and the Company in count four of the complaint and seek to recover double and/or treble damages for recklessness pursuant to General Statutes § 14-295.
The plaintiffs' original complaint was filed on March 1, 1996. The Company promptly filed a motion to strike count four of the complaint with an accompanying legal memorandum on March 14, 1996. Prior to that motion being addressed by the court, however, the plaintiffs filed an amended complaint on March 20, 1996. Thereafter, the Company filed the present motion to strike count four, dated April 4, 1996, stating that it was relying on the memorandum submitted with its motion of March 14, 1996. The plaintiffs filed an objection and supporting legal memorandum on March 26, 1996.
DISCUSSION
"The only remedy by which to test the sufficiency of a cause of action . . . is a [motion to strike]." Donovan v. Davis,85 Conn. 394, 397-98, 82 A. 1025 (1912). "In ruling on a motion to STRIKE the trial court is limited to considering the grounds specified in the motion." Merideth v. Police Commission,182 Conn. 138, 140-41, 438 A.2d 27 (1980). "[The court must construe] the facts alleged in the complaint in a light most favorable to the pleader." RK Constructors, Inc. v. Fusco Corp., 231 Conn. 381,384, 650 A.2d 153 (1994). "The sole inquiry is whether the . . . allegations, if proved, would state a [cause of action]." Doyle v. AP Realty, 36 Conn. Sup. 126, 127,414 A.2d 204 (1980).
In the present case, the Company argues that the fourth count against it should be stricken, because the plaintiffs are attempting to impose liability for the exemplary damages permitted under General Statutes § 14-295 against the Company vicariously for the alleged recklessness of Machnik. The Company champions the position that such damages may not be imposed vicariously.
It is the plaintiffs' contention, on the other hand, that General Statutes § 52-183 raises the presumption that the nonowner operator of a vehicle is the agent of the owner for purposes of actions brought to recover damages caused by the negligence or recklessness of the operator. The plaintiffs further maintain that, because this statute specifically raises CT Page 4833 the presumption in recklessness cases, the nonowner operator may also be held accountable for the double and/or treble damages provided for under General Statutes § 14-295.
The common-law rule that exemplary or punitive damages may not be imposed upon a principal vicariously for the acts of an agent was laid down nearly a century ago by the Supreme Court of this state in the case of Maisenbacker v. Society Concordia,71 Conn. 369, 42 A. 67 (1899), wherein the court stated:
 As its agent was acting within the scope of his employment, the law compels the defendant to compensate the plaintiff for the injuries she has sustained from the wrongful acts of the agent, but it does not punish the defendant for the malicious purpose or intent which prompted the agent's conduct.
 To render the principal liable in exemplary damages for the acts of his agent in the course of his employment, but done with such malicious intent, some misconduct of the [principal] beyond that which the law implies from the mere relation of principal and agent, must be shown.
Id., 379. The thrust of the plaintiffs' position in the present case is that General Statutes § 52-183 has modified or abrogated this longstanding common-law rule.
"No statute is to be construed as altering the common law, farther than its words import. It is not to be construed as making any innovation upon the common law which it does not fairly express." (Quotation marks omitted.) Pagani v. BT II,Limited Partnership, 24 Conn. App. 739, 592 A.2d 397 (1991). "In determining whether or not a statute abrogates or modifies a common-law rule the construction must be strict, and the operation of a statute in derogation of the common law is to be limited to matters clearly brought within its scope . . . A legislative intention not expressed in some appropriate manner has no legal existence." (Citations omitted: quotation marks omitted.) Willoughby v. New Haven, 123 Conn. 446, 454-55,197 A. 85 (1937). Therefore, in the present case, the plaintiffs' argument that the Company may be held vicariously liable for the exemplary damages provided for under General Statutes §14-295 can only stand if a manifest intent to impose such liability can be discerned from the language used by the Legislature in CT Page 4834 General Statutes § 52-183. Id.
General Statutes § 52-183 provides in full:
 In any civil action brought against the owner of a motor vehicle to recover damages for the negligent or reckless operation of the motor vehicle, the operator, if he is other than the owner of the motor vehicle, shall be presumed to be the agent and servant of the owner of the motor vehicle and operating it in the course of his employment. The defendant shall have the burden of rebutting the presumption.
Whether this language abrogates or modifies the common-law rule laid down in Maisenbacker has yet to be definitively answered by the Appellate or Supreme Court of this state, and the Superior Courts stand divided upon the issue.
In Lockwood v. Gorski, Superior Court, judicial district of Stamford-Norwalk, at Stamford, Docket No. 13 33 09 (May 6, 1994) (Mottolese, J.), the court found the necessary legislative intent in § 52-183 to allow double and/or treble damages for recklessness to be imposed vicariously against the nonoperator owner. The court reasoned that, although the Legislature was presumed to be aware of the Maisenbacker decision, § 52-183
creates a specific statutory presumption of agency in causes of action sounding in recklessness, which would result in meaningless legislation if the Legislature had not also intended to allow vicarious responsibility for recklessness and for the double and/or treble damages provided for under § 14-295 to be vicariously imposed on the nonoperator owner of the vehicle.Id. In a case only a year and one-half later from the very same courthouse, however, the court, D'Andrea, J., granting the defendant's motion to strike, stated that '1 believe that the second line of cases is more persuasive in that the language of § 52-183 does not specifically permit punitive damages to be vicariously imposed upon a non-operator owner." Hamilton v.Zarelli Superior Court, judicial district of Stamford-Norwalk, at Stamford, Docket No. 14 50 33 (October 27, 1995) (D'Andrea, J.); see also, Marin v. Plaskawicki, Superior Court, judicial district of Fairfield, at Bridgeport, Docket No. 31 36 90, 13 CONN. L. RPTR. 174 (Dec. 8, 1994) (Maiocco, J.) (granting motion to strike count seeking to recover double or treble damages vicariously against owner of vehicle). CT Page 4835
Upon thoroughly examining and comparing the relevant legal authorities and statutory provisions, this court finds that §52-183 fails to express the specific legislative intent necessary to abrogate the longstanding common-law rule prohibiting the vicarious imposition of exemplary damages. Willoughby v. NewHaven, supra, 123 Conn. 454-55. Therefore, the Company's motion to strike the fourth count against it is granted.
A strong expression of the definiteness with which the Legislature must express its intent to abrogate or modify a common-law rule is the Willoughby v. New Haven case cited above. The dispute in that case was whether the defendant Bank could be held liable in damages to an injured pedestrian for the Bank's failure to diligently remove accumulations of snow and ice from a public sidewalk abutting its property. Id., 448. Under the common law there is no liability upon abutting property owners for such natural accumulations upon abutting streets of sidewalks, and it is primarily the duty of the municipality to keep its streets in a reasonably safe condition for travel. Id., 451. At the time of the incident, however, a law titled "AN ACT CONCERNING SIDEWALKS IN THE CITY OF NEW HAVEN" was in force, which provided in pertinent part that "[t]he duty of keeping sidewalks in said city free from snow and ice shall be upon the adjoining property owner and said city is authorized to make suitable ordinances relating thereto." 22 Spec. Acts 191, No. 330, § 3 (1935). Holding that, though responsible for the removal of snow and ice from the sidewalk abutting its property under the 1935 Act, the City, not the defendant, was liable to the plaintiff for her injuries, because "[w]here the intent is to transfer liability from the municipality to another there is no difficulty in expressing itin unmistakable terms . . ." (Emphasis added.) Id., 453. Therefore, Willoughby stands for the proposition that liability for damages inconsistent with the rules established at common law may not merely be inferred from the Legislature's express imposition of some related duty, but must be expressly stated.Id.
A case very similar to the present case, and the leading case to date on the issue of whether nonoperator owners may be held vicariously liable for the double and/or treble damages provided for under § 14-295 is Gionfriddo v. Avis Rent A Car Systems,Inc., 192 Conn. 280, 472 A.2d 306 (1984). In Gionfriddo, the issue was whether such damages could be imposed by virtue of General Statutes § 14-154a, which states in pertinent part CT Page 4836 that "[a]ny person renting or leasing to another any motor vehicle owned by him shall be liable for any damage . . . caused by the operation of such motor vehicle so rented or leased, tothe same extent as the operator would have been liable if he hadalso been the owner. (Emphasis added.). Holding that §14-154a did allow double and/or treble damages to be imposed vicariously upon the vehicle's owner, the court stated that "[b]y virtue of the express terms of the statute the owner-lessor is made the alter ego of the operator so that the latter's acts with respect to the operation of the car . . . are in law the acts of the owner-lessor." (Quotation marks omitted.) Gionfriddo v. AvisRent A Car Systems, Inc., supra, 192 Conn. 285. The Court went further to say that the "legislative expression of public policy [in § 14-154a] . . . necessarily displaces and overrides
common law presumptions about the relationship between insurer and insured, master and servant, employer and employee." (Citation omitted; emphasis added.) Id., 288.
When compared together, it is clear that even the broadest reasonable construction of the "shall be presumed to be the agent and servant of the owner" language of § 52-183 does not manifest the clear legislative intent to abrogate the common-law rule prohibiting vicarious exemplary damages found in the "shall be liable . . . to the same extent as the operator would have been . . . had [he] also been the owner" language of § 14-154a. See Willoughby v. New Haven, supra, 123 Conn. 454-55. To hold otherwise would require this court to contort the words of § 52-183 beyond any recognizable form. Id.
Some might argue that a holding such as this effectively renders § 52-183 useless. There is, however, another common-law rule applicable to causes of action based on agency to which this court could find that § 52-183 remains applicable. Id.
Under the common law, principals are ordinarily liable to pay compensatory damage for injuries caused by the negligence or recklessness of their agents acting in the course of their employment. Maisenbacker v. Society Concordia, supra, 71 Conn. 379. Just as important, however, is another well known common-law rule that the party putting forth the allegations of fact must also assume the affirmative burden of proving them. Boyd v.Geary, 126 Conn. 396, 399, 12 A.2d 644 (1940). In the present case, the plaintiffs have alleged an employment, agency or servant relationship between Machnik and the Company and would ordinarily be required to prove it under the common law. Id.
CT Page 4837 Interpose the "shall be presumed to be the agent and servant" language of § 52-183, however, and the plaintiffs are relieved of this burden. Id.
When examined fully, therefore, the true legislative intent of § 52-183 is to make it easier for plaintiffs to establish the agency relationship necessary to collect compensatory damages from the nonowner operators of vehicles. Willoughby v. New Haven,supra, 123 Conn. 454-55. In this modern day where Legislatures and courts continuously endeavor to insure that innocent plaintiffs are compensated fully for their injuries, this result seems logical and fair. Id. The same cannot be said, however, of allowing a nonoperator owner to be punished two or three times over where he or she can be proved to have committed no wrong other than entrusting another with their keys. Id. If the Legislature had intended to burden a nonoperator owner of a vehicle with any greater financial responsibility for the acts of an agent other than the compensatory damages normally allowed under the common law, "it doubtless would have found the words to create such a duty." Id., 453.
CONCLUSION
Based on the foregoing, the fourth count of the plaintiffs' complaint against Machnik Construction Company is stricken. Further, the plaintiffs' prayer for relief for double and/or treble damages, as it applies to Machnik Construction Company, must also be stricken.