[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MOTION TO STRIKE THIRD COUNT OF SECOND AMENDED COMPLAINT
On November 29, 1996, the plaintiff, Barbara Vince, filed a three-count complaint against the defendants, Nancy Negron and CT Page 5331 Durisnel Serrano. In her complaint, the plaintiff alleges the following. On September 16, 1994, the defendant Negron was driving a Toyota Corolla owned by the defendant Serrano. Second Amended Complaint, Count One ¶¶ 2 and 3. While driving north on Main Street in East Hartford, the defendant Negron collided with the rear of the vehicle that the plaintiff was operating. Id. ¶ 4.
The plaintiff alleges that the defendant Negron was an agent, servant and/or employee of the defendant Serrano. Id. ¶ 3. The plaintiff further alleges that the vehicle operated by defendant Negron was a family car, and that the defendants Negron and Serrano were family members. Id. Additionally, the plaintiff further alleges that her injuries were caused by the defendant Negron's reckless operation of the motor vehicle and that, under General Statutes § 14-295, the defendant Serrano is vicariously liable for multiple damages. Second Amended Complaint, Count Three ¶ 5.
On December 17, 1996, the defendant Serrano filed a motion to strike count three of the plaintiff's second amended complaint and a supporting memorandum of law. On January 13, 1997, the plaintiff filed a memorandum of law in opposition to the defendant Serrano's motion to strike.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. . . . The court must construe the facts in the complaint most favorably to the plaintiff." (Citations omitted; internal quotation marks omitted.) Novametrix Medical Systems,Inc. v. BOC Group, Inc., 224 Conn. 210, 214-15, 618 A.2d 25
(1992). "[F]or the purpose of a motion to strike, the moving party admits all facts well pleaded. . . ." (Citations omitted.)RK Constructors, Inc. v. Fusco Corp., 231 Conn. 381, 383 n. 2.,650 A.2d 153 (1994). "If facts provable under the allegations would support . . . a cause of action, the motion to strike must be denied." (Citation omitted.) Id., 384.
The defendant Serrano argues that count three of the second amended complaint is legally insufficient because an owner of a motor vehicle cannot be held vicariously liable for punitive damages in a cause of action arising from a non-owner's reckless operation of the vehicle. The plaintiff counters that, under CT Page 5332 General Statutes § 52-183,[1] a vehicle's owner is vicariously liable for punitive damages arising from the reckless operation of the vehicle.
Under Connecticut common law, a defendant may not be held vicariously liable for punitive or exemplary damages. Gionfriddov. Avis Rent-A-Car System, Inc., 192 Conn. 280, 288-89,472 A.2d 306 (1984); Maisenbacker v. Society Concordia, 71 Conn. 369, 379,42 A. 67 (1899). No appellate court has decided whether a defendant may be held vicariously liable for double or treble damages under either General Statutes § 52-182[2] or General Statutes § 52-183.
There is a split of authority among Superior Court decisions with regard to whether the owner of a motor vehicle sued pursuant to General Statutes § 52-183 can be held vicariously liable for multiple damages under General Statutes § 14-295. Superior Courts faced with this same issue with regard to General Statutes § 52-182 have unanimously found that an owner cannot be held liable.
The defendant Serrano relies on Pagani v. BT II, LimitedPartnership, 24 Conn. App. 739, 592 A.2d 397 (1991), for the proposition that "[n]o statute is to be construed as altering the common law farther than its words import. . . ." (Citation omitted; internal quotation marks omitted.) Id., 741; see alsoWilloughby v. New Haven, 123 Conn. 446, 454-55, 197 A. 85 (1937) ("In determining whether or not a statute abrogates or modifies a common-law rule the construction must be strict, and the operation of a statute in derogation of the common law is to be limited to matters clearly brought within its scope."). The defendant Serrano argues that there is no language in General Statutes §§ 52-182, 52-183, or 14-295 that indicates a clear legislative intent to abrogate the common law presumption against imposing liability on a non-operator owner.
 A. General Statutes § 52-182
The defendant Serrano argues that General Statutes §52-182 contains no language showing that the legislature intended to abrogate the common law rule that an owner of a motor vehicle cannot be held vicariously liable for punitive damages. In support of this argument, the defendant relies on the following CT Page 5333 cases: Gomez v. Mitsubishi Motors Credit of America, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 327864 (June 19, 1996, Ballen, J.) (17 Conn. L. Rptr. 102) (holding that the family car doctrine, codified at General Statutes § 52-182, does not impose vicarious liability for multiple damages pursuant to General Statutes § 14-295 on the owner for the reckless misconduct of an operator); Delmastro v.Leahy, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 512513 (September 30, 1993, Sullivan, J.); Sperger v. Roseman, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 437853 (December 5, 1990, Aronson, J.) (holding that a person cannot be charged with double or treble damages under General Statutes § 14-295 on the basis of being liable under the theory of the family car doctrine). Several other cases are in accord including Hamiltonv. Zarrelli, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 145033 (October 27, 1995, D'Andrea, J.) (1 Conn. Ops. 1258) (stating that "the superior courts which have decided this issue have concluded that neither General Statutes § 52-182, nor common law, impose punitive damages on the owner for the reckless conduct of the operator.");Pappalardo v. Pellicci, Superior Court of Stamford-Norwalk at Stamford, Docket No. 112723 (July 19, 1995, Dean, J.) (14 Conn. L. Rptr. 506) (holding that the owner of a motor vehicle is not vicariously liable under General Statutes § 52-182 for multiple damages imposed pursuant to General Statutes §14-295 on an operator for the reckless disregard of specified motor vehicle laws); Gelormino v. Soucy, Superior Court, judicial district of Waterbury, Docket No. 106827 (January 18, 1995, West, J.) (13 Conn. L. Rptr. 341) (holding that the family car doctrine does not impose vicarious liability for multiple damages pursuant to General Statutes § 14-295 on the owner for injuries caused by the reckless misconduct of an operator); Krisak v. Pendagast,
Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 263835 (June 21, 1993, Lager, J.) (9 Conn. L. Rptr. 286) (holding that multiple statutory damages may not be imputed to the owner of a vehicle under the family car doctrine).
At oral argument, the plaintiff conceded on the narrow issue of whether General Statutes § 52-182 allows for the imposition of double or treble damages on the defendant owner for the reckless conduct of the defendant operator. Also, the plaintiff's memorandum in opposition fails to address this issue.
The court finds the reasoning of the above Superior Court CT Page 5334 cases persuasive and agrees with the holdings. Accordingly, the court grants the defendant's motion to strike that portion of paragraph three of the third count of the complaint as it pertains to General Statutes § 52-182.[3]
 B. General Statutes § 52-183
The defendant Serrano further argues that General Statutes § 52-183 does not contain any language showing a legislative intent to abrogate the common law rule that an owner of a motor vehicle cannot be held vicariously liable for punitive damages. In support of this argument, defendant Serrano relies on the following cases: Silva v. Arroyo, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 537532 (June 26, 1996, Austin, J.) (17 Conn. L. Rptr. 306) (holding that the statutory presumption established in General Statutes §52-183 that the operator of a motor vehicle is acting as an agent of the owner, authorizing the imposition of vicarious liability on the owner, does not apply to a claim under General Statutes § 14-295 for the reckless violation of certain motor vehicle laws); Robinson v. McWeeney, Superior Court, judicial district of New Haven at New Haven, Docket No. 379968 (April 23, 1996, Corradino, J.) (16 Conn. L. Rptr. 514) (holding that General Statutes § 52-183 does not apply to a claim for the reckless violation of certain motor vehicle laws under the multiple damages statute, General Statutes § 14-295);Hamilton v. Zarrelli, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 145033 (October 27, 1995, D'Andrea, J.) (holding that punitive damages cannot be vicariously imposed on a non-operator/owner); see also Marin v.Plasawicki, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 313690 (December 8, 1994, Maiocco, J.) (13 Conn. L. Rptr. 174) (holding that an employer is not vicariously liable for multiple damages under General Statutes § 14-295
for injuries caused by an employee while operating a motor vehicle in the course of employment).
The Superior Courts holding that the multiple damages provision of General Statutes § 14-295 should not be imposed on non-operating owners, reasoned that General Statutes §52-183 "fails to express the specific legislative intent necessary to abrogate the longstanding common-law rule prohibiting the vicarious imposition of exemplary damages." Silva v. Arroyo,
CT Page 5335 supra, 17 Conn. L. Rptr. 306; see also Gomez v. Mitsubishi,
supra, 17 Conn. L. Rptr. 102; Robinson v. McWeeney, supra,16 Conn. L. Rptr. 514.
The plaintiff argues that the more persuasive cases allow plaintiffs to seek multiple damages against non-operator owners. In support of this argument, the plaintiff relies on the following cases: Tudhope v. J.P. Jurjura Sons, Superior Court, judicial district of Waterbury, Docket No. 98459 (July 23, 1992, Lagenbach, J.) (holding that employer/owner is vicariously liable for multiple damages pursuant to General Statutes § 14-295);Waslewski v. Robinson, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 445908 (February 11, 1992, Byrne, J.) (holding that an owner of a car may be vicariously liable for double and treble damages for the recklessness of the operator); Courtois v. Carr, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 393665 (December 12, 1991, Corrigan, J.) (5 Conn. L. Rptr. 330) (holding that, pursuant to General Statutes § 52-183, the operator of a vehicle is the agent of its owner and thus the owner may be vicariously liable for multiple damages recoverable under General Statutes § 14-295 for the reckless conduct of the operator); see also Lockwood v. Gorski, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 133909 (May 6, 1994, Mottolese, J.); Rodrigues v. Woodland,
Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 322890 (November 4, 1987, Hale, J.) (3 C.S.C.R. 21) (holding that employers of negligent operators may be subject to double or treble damages under General Statutes § 14-295); Knowling v. Severns, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 311246 (January 9, 1987, Noran, J.) (2 C.S.C.R. 235) (holding that an owner of a vehicle may be found vicariously liable for double or treble damages under General Statutes § 14-295).
In Lockwood v. Gorski, supra, the court noted that General Statutes § 52-183 differs markedly from General Statutes § 52-182 because General Statutes § 52-183 "expressly contemplates the possibility that an action claiming reckless operation of a motor vehicle may be brought against an owner as well as an operator . . . . Thus, for the legislature to have set up an evidentiary presumption in two distinct categories of cases, i.e. negligence and recklessness, without constituting recognition of a cause of action for vicarious recklessness would be attributing to the legislature a useless act." Id. CT Page 5336
Holding that an owner of a vehicle may be vicariously liable for multiple damages for the recklessness of a non-owner operator of the vehicle would be consistent with this court's previous decision in Rodrigues v. Woodland, supra, 3 C.S.C.R. 21. It should be noted, however, that subsequent Superior Court decisions have criticized the holding in Rodrigues and Knowling
as misapplying the dicta from Gionfriddo v. Avis Rent-A-CarSystem Inc., supra, 192 Conn. 288-89. These Superior Courts limited the holding of Gionfriddo to the language in General Statutes § 14-154a[4] and held that the multiple damages provisions of General Statutes § 14-295 do not apply to claims brought pursuant to General Statutes § 52-183. See, e.g., Silva v. Arroyo, supra, 17 Conn. L. Rptr. 306 (comparing General Statutes § 52-183 with § 14-154a and finding that § 52-183 contained no language showing a clear legislative intent to abrogate the common law rule); Robinson v. McWeeney,
supra, 16 Conn. L. Rptr. 514 (noting that General Statutes §14-154a explicitly modified the common law rule on the vicarious liability of an owner); Marin v. Plaskawicki, supra,13 Conn. L. Rptr. 174
(noting that the court in Gionfriddo relied exclusively on the language in General Statutes § 14-154a, which allowed for a departure from the common law standard of recovery, and that absent such language, the common law standard should apply);Cummingham v. Langlois, Superior Court, judicial district of Tolland at Rockville, Docket No. 47976 (October 1, 1991, McWeeney, J.) (5 Conn. L. Rptr. 79) (noting that the liability of the owner-lessor in Gionfriddo was specifically premised on General Statutes § 14-154a).
The court has reviewed all the decisions cited by both parties as well as others found by the court. The court is not persuaded by the cases offered by the defendant in support of its position. Additionally, after reviewing all the cases the court cited above, this court finds no reason to depart from its previous holding. Accordingly, the defendant's motion to strike is denied as to § 52-183.
Robert J. Hale Judge Trial Referee