[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANTS' MOTION TO STRIKE
The defendants, Thomas Horvath and Deborah Horvath, have moved this court to strike the Second Count of the plaintiffs' Second Revised Complaint for the reasons stated herein.
The plaintiffs, Brian O'Loughlin and Michele O'Loughlin, have brought this action for injuries sustained as a result of the defendant Thomas Horvath's alleged negligent and reckless operation of a motor vehicle. Also named as a defendant is Deborah Horvath.
In a two count, second revised complaint, filed August 22, 1996, the plaintiffs allege the following facts. On December 11, 1995, Thomas Horvath was operating a vehicle when suddenly and without warning he allowed or caused his vehicle to crash violently into the rear of the vehicle operated by the plaintiff, Brian O'Loughlin. The vehicle operated by Thomas Horvath is owned and maintained by the defendant Deborah Horvath, Thomas' mother. The first count of the complaint sounds in negligence. The second count incorporates paragraphs 1-6 and14-18 of count one and further alleges that Brian Horvath operated the motor vehicle in a reckless manner, which the plaintiffs claim allows an award of double and treble damages in accordance with General Statutes § 14-295.
On September 13, 1996, the defendants filed a motion to strike the second count of the plaintiffs' complaint and corresponding prayer for relief on the grounds that: (1) the second count fails to set forth sufficient facts to state a claim for recklessness under § 14-295; and (2) with respect to the defendant Deborah Horvath, under § 14-295, multiple damages may not be imputed to the owner of a motor vehicle. On September 24, 1996, the plaintiffs filed an objection to the CT Page 6714 defendants' motion to strike, and also a supplemental objection, dated January 14, 1997.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.) Faulkner v. United Technologies Corp., 240 Conn. 576,580, ___ A.2d ___ (1997); Practice Book § 152. "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged."Novametrix Medical Systems, Inc. v. BOC Group, Inc.,224 Conn. 210, 215, 618 A.2d 25 (1992).
In their supporting memorandum of law, the defendants argue that the second count must be stricken because it fails to allege sufficient facts to warrant a claim of recklessness under General Statutes § 14-295. Although acknowledging the split of authority on the issue, the defendants argue that the more persuasive view is that of those courts holding that a plaintiff must not only plead a statutory violation as set forth in General Statutes § 14-295, but also facts that would support a claim of reckless conduct at common law. In opposition, the plaintiffs claim that their allegations of recklessness in the second count are not, as the defendants' argue, a mere enumeration of statutes, without more. The plaintiffs claim that they have "fully and properly" invoked the provisions of General Statutes § 14-295. The plaintiffs also note the split of authority among the superior courts on this issue, and rely on the line of cases holding that a plaintiff need only allege that the defendant violated one or more of the statutes enumerated in General Statutes § 14-295. Under this line of cases, the plaintiffs claim they have properly pleaded a claim of recklessness supporting double or treble damages under § 14-295.
General Statutes § 14-295 provides that: "[i]n any civil action to recover damages resulting from personal injury, wrongful death or damage to property, the trier of fact may award double or treble damages if the injured party has specifically pleaded that another party has deliberately or with reckless disregard operated a motor vehicle in violation of CT Page 6715 section 14-218a, 14-219, 14-222, 14-227a, 14-230, 14-234,14-237, 14-239 or 14-240a, and that such violation was a substantial factor in causing such injury, death or damage to property." The issue before this court is what the plaintiffs must plead to state sufficiently a claim supporting double or treble damages under General Statutes § 14-295. The appellate courts of this state have not addressed this issue, and a split of authority exists among the decisions of the Connecticut superior courts. See generally Prince v. Gilling, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 531397 (March 20, 1995, Hale, S.T.R.).
In the first line of cases, courts have interpreted General Statutes § 14-295 to require more than simply pleading that the defendant has violated one of its specifically enumerated statutory sections. This line of decisions hold that a plaintiff must not only plead a statutory violation as set forth in § 14-295, but also facts that would support a claim of reckless conduct at common law. Bravo v. Watson, Superior Court, judicial district of Waterbury, Docket No. 129692 (March 13, 1996, McDonald, J.); Pitka v. Ullrich, Superior Court, judicial district of New London, Docket No. 530000 (November 15, 1994, Austin, J.) (13 CSCR 32); Jimenez v. Schell, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 137265 (November 8, 1994, Lewis, J.); Lezotte v. HanoverInsurance Co., Superior Court, judicial district of Waterbury, Docket No. 112067 (January 6, 1993, Sylvester, J.) (8 CSCR 156);Varlese v. Beers, Superior Court, judicial district of Waterbury, Docket No. 99755 (April 4, 1991, Sullivan, J.). Additionally, these courts have held that "[t]he reiteration of an act previously asserted to support a cause of action in negligence, without more, cannot be transformed into a claim of reckless misconduct by mere nomenclature." Kalmanidis v. O'Dwyer,
judicial district of Stamford-Norwalk at Stamford, Docket No. 126335 (February 2, 1993, Lewis, J.).
The second line of cases holds that a plaintiff is only required to allege that the defendant violated one or more of the motor vehicle statutes enumerated in General Statutes § 14-295, and that such violation was a substantial factor in causing the plaintiff's injury. See, e.g., Munn v. Duarte,
Superior Court, judicial district of Waterbury, Docket No. 131427 (September 19, 1996, Pellegrino, J.); St. George v.Connecticut Car Rental, Superior Court, judicial district of CT Page 6716 Hartford-New Britain at Hartford, Docket No. 554923 (February 27, 1996, Spada, J.); Smith v. Mitsubishi Motors, Superior Court, judicial district of New London, Docket No. 535161 (January 17, 1996, Hurley, J.); Besson v. Davis, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 327040 (January 5, 1996, Ballen, J.); McGuire v. Ferguson, Superior Court, judicial district of Litchfield, Docket No. 068021 (July 31, 1995, Pickett, J.) (14 Conn. L. Rptr. 624); Armstrong v.Smith, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 533947 (December 2, 1994, Sheldon, J.) (13 Conn. L. Rptr. 120); Spencer v. King, Superior Court, judicial district of Middlesex at Middletown, Docket No. 069530 (September 16, 1993, Higgins, J.) (10 Conn. L. Rptr. 48). According to this view, General Statutes § 14-295 "does not require the same specificity of pleading which is required to support a cause of action predicated on [common law] recklessness."Spencer v. King, supra, 10 Conn. L. Rptr. 48. "When the language used by the legislature is plain and unambiguous, there is no room for construction by the courts and the statute will be applied as its words direct." Id., citing Warkentin v.Burns, 223 Conn. 14, 22, 610 A.2d 1287 (1992). This court concurs with the holdings in the second line of cases.
In the present case, the plaintiffs have alleged that the defendant Thomas Horvath operated the motor vehicle "deliberately or with reckless disregard", in violation of General Statutes §§ 14-218a, 14-219 and 14-222, three of the sections enumerated in § 14-295, and that Thomas Horvath's reckless disregard was a substantial factor in causing the plaintiffs' injuries. The plaintiffs have therefore satisfied the pleading requirements set forth in the second line of cases for a claim of double or treble damages pursuant to § 14-295.
In the second count, the plaintiffs further allege that Thomas Horvath operated the vehicle "at a rate of speed greater than was reasonable" under the circumstances in violation of § 14-218a, operated the vehicle "at a rate of speed greater than 55 miles per hour" in violation of § 14-219 and operated the vehicle "at a rate of speed which endangered the lives of Michele O'Loughlin and Brian O'Loughlin" in violation of § 14-222. Revised Complaint, Second Count, ¶ 7. Under these circumstances, the plaintiffs have sufficiently pleaded a claim for double or treble damages pursuant to § 14-295 even under the line of cases demanding greater specificity in pleading. SeeMascia v. Brewer, Superior Court, judicial district of CT Page 6717 Stamford-Norwalk at Stamford, Docket No. 149293 (January 6, 1997, D'Andrea, J.) (allegations that the defendant operated the vehicle "at a rate of speed greater than was reasonable" under the circumstances in violation of § 14-218a, and operated the vehicle "recklessly so as to endanger the life of another" in violation of § 14-222 sufficiently pleaded a cause of action under § 14-295 even under the line of cases demanding greater specificity in pleading); Castillo v. Caporani, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 329702 (April 12, 1996, Ballen, J.) (allegation that defendant deliberately or with reckless disregard operated vehicle "at an unreasonable, improper and excessive rate of speed" in violation of § 14-218a sufficient to state "a cause of action under § 14-295 even under the superior court cases demanding greater specificity in pleading."). Therefore, the defendants' motion to strike the second count is denied as to the defendant Thomas Horvath.
The defendants have also moved to strike count two and its corresponding prayer for relief as to the defendant Deborah Horvath on the ground that multiple damages may not be imputed to her as the vehicle owner under General Statutes § 14-295.[1]
The defendants argue General Statutes § 14-295 provides no basis for imposing multiple damages upon the owner of a motor vehicle for the alleged recklessness of its operator. Consequently, the defendants claim that the plaintiffs' prayer for relief which seeks double and treble damages pursuant to General Statutes § 14-295 must also fail. As to the defendant Deborah Horvath, the only argument the plaintiffs put forth is that no appellate authority exists denying vicarious liability as the owner of the motor vehicle for any double or treble damages that may be assessed against an operator pursuant to § 14-295. According to the plaintiffs, because the second count sets forth sufficient facts to sustain a claim of recklessness, they may seek an award of double and treble damages against Deborah Horvath pursuant to § 14-295.
In Gionfriddo v. Avis Rent-A-Car System, Inc.,192 Conn. 280, 472 A.2d 306 (1984), the court held that a lessor of an automobile is liable to the same extent as the vehicle's operator. However, "the Gionfriddo court relied exclusively on the language in § 14-154a which allowed for a departure from the common law standard of recovery, and that absent such language, the common law standard should apply." Marin v. Plaskawicki,
Superior Court, judicial district of Fairfield at Bridgeport, CT Page 6718 Docket No. 313690 (December 8, 1994, Maiocco, J.) (13 Conn. L. Rptr. 174).
It is unclear whether the plaintiffs have alleged that Deborah Horvath is liable under the family car doctrine, General Statutes § 52-182[2], as the statute is not specifically pleaded nor has either party addressed this issue in their respective memoranda. "Nevertheless, the superior courts which have decided this issue have concluded that neither § 52-182, nor common law, impose punitive damages on the owner for the reckless conduct of the operator." Hamilton v. Zarrelli,
Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 145033 (October 27, 1995, D'Andrea, J.); see also Gomez v. Mitsubishi Motors Credit of America, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 327864 (June 19, 1996, Ballen, J.) (17 Conn. L. Rptr. 102);Gelormino v. Soucy, Superior Court, judicial district of Waterbury, Docket No. 106827 (January 18, 1995, West, J.) (13 Conn. L. Rptr. 341); Krisak v. Pendagast, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 263835 (June 21, 1993, Lager, J.) (9 Conn. L. Rptr. 286); Sperger v.Roseman, Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. 437853 (December 5, 1990, Aronson, J.) (3 Conn. L. Rptr. 3). Accordingly, the defendants' motion to strike count two is granted as to Deborah Horvath.
JOSEPH W. DOHERTY, J.