[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE #102
On October 30, 1995, the plaintiff, Robert P. Gregson, Jr., filed a four count complaint alleging negligence and recklessness against the defendants, Daniella C. Chiaranda, Phillip R. Catugno and Mary R. Catugno. The plaintiff alleges the following facts in his complaint. On December 5, 1994, the plaintiff was driving his vehicle southbound on I-95 in Stamford, Connecticut, when the vehicle in front of the plaintiff, driven by Eusebia Cuevas, braked and went into a skid. The plaintiff braked, and the vehicle driven by Chiaranda struck the plaintiff's vehicle in the rear, forcing the plaintiff's vehicle into the Cuevas vehicle. The vehicle driven by Phillip Catugno, and owned by Mary Catugno, then struck the Chiaranda vehicle, forcing it into the plaintiff's vehicle a second time. The plaintiff suffered CT Page 9800 injuries and property damage from the accident. The plaintiff alleges his damages were caused by the defendants' negligence and recklessness.
On December 15, 1995, the defendants, Phillip and Mary Catugno, filed a motion to strike count four alleging recklessness, and the portion of the prayer for relief seeking double and treble damages pursuant to General Statutes § 14-295,[1]
on the grounds that the plaintiff has not sufficiently alleged a cause of action in recklessness, and that Mary Catugno cannot be held vicariously liable under § 14-295. The plaintiff filed a memorandum in opposition on October 9, 1996.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Novametrix Medical Systems v. BOC Group. Inc.,224 Conn. 210, 214-15, 618 A.2d 25 (1992). "This includes the facts necessarily implied and fairly provable under the allegations . . . . It does not include, however, the legal conclusions or opinions stated in the complaint . . . ." S.M.S.Textile v. Brown, Jacobson, Tillinghast, Lahan and King, P.C.,32 Conn. App. 786, 796, 631 A.2d 340, cert. denied, 228 Conn. 903,634 A.2d 296 (1993). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." Id. "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems v. BOC Group, Inc., supra, 215.
The Catugnos argue that the plaintiff has alleged identical facts in support of negligence and recklessness, and that the plaintiff has not alleged facts sufficient to show intentional conduct to support a claim of recklessness. The plaintiff argues that he has sufficiently alleged a cause of action in recklessness.
"Superior court authority is split as to the specificity required when pleading a recklessness claim pursuant to § 14-295."Besson v. Davis, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 327040 (January 5, 1996, Ballen, J.). "[A] split of authority exists in the trial courts of this state as to CT Page 9801 whether a party must allege facts to support a theory of recklessness under § 14-295 or merely allege more than the word `reckless' while repeating the allegations of negligence found in other counts of the complaint." Hoponick v. Bastis, Superior Court, judicial district of Waterbury, Docket No. 118941 (December 9, 1994, Sylvester, J.).
This court has previously granted motion to strike a claim in recklessness when a plaintiff failed to specifically allege reckless or wilful misconduct. See Babkie v. Kinder, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 314016 (June 30, 1995, Maiocco, J.). Nevertheless, in the present case the plaintiff has sufficiently alleged a cause of action in recklessness. The plaintiff has not merely realleged the facts already alleged in his negligence claims, such as violation of General Statutes § 14-218a, but also alleges that the Catugnos violated General Statutes §§ 14-219 and 14-222. The plaintiff alleges that Phillip Catugno violated § 14-222 by "deliberately or with reckless disregard operat[ing] a motor vehicle upon a public highway recklessly having regard to the width, traffic, use of such road and the weather conditions then and there prevailing . . . ." The plaintiff alleges Phillip Catugno violated § 14-219 by deliberately and recklessly operating his vehicle at an excessive speed. Hence, the plaintiff has alleged facts in excess of those alleged to support his claim in negligence. Therefore, the court determines that the plaintiff's allegations are sufficient to satisfy either line of authority.
The Catugnos also contend that the plaintiff has not alleged facts showing that Phillip Catugno knew that his conduct would cause injury to the plaintiff, citing, Bishop v. Kelly, 206 Conn. 608,539 A.2d 108 (1988). However, the court in Bishop merely states that "[r]ecklessness requires a conscious choice of action either with knowledge of the serious danger to others involved in it or with knowledge of facts which would disclose this danger to any reasonable man, and the actor must recognize that his conduct involves a risk substantially greater . . . than that which is necessary to make his conduct negligent." (Internal quotation marks omitted.) Id., 614-15. The intentionality required is that directed towards the defendant's conduct and not toward the plaintiff's injuries. The plaintiff has alleged that Phillip Catugno's conduct was deliberate, therefore, Catugnos' motion to strike count four and the portion of the prayer for relief in question is denied as to Phillip Catugno. CT Page 9802
The Catugnos have also moved to strike count four as to Mary Catugno on the ground that she cannot be held vicariously liable under § 14-295. The plaintiff alleges that Mary Catugno is the owner of the vehicle driven by Phillip Catugno, and that Phillip was her agent pursuant to the family car doctrine as set out in General Statutes § 52-182. The plaintiff argues that the Connecticut Supreme Court has applied § 14-295
vicariously through statutes § 14-154a in Gionfriddo v. AvisRent-A-Car System, Inc, 192 Conn. 280, 472 A.2d 306 (1984). However, this court has stated previously that "the Gionfriddo
court relied exclusively on the language in § 14-154a which allowed for a departure from the common law standard of recovery, and that absent such language, the common law standard should apply." Marin v. Plaskawicki, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 313690 (December 8, 1994, Maiocco, J., 13 Conn. L. Rptr. 174). Moreover, "the superior courts have uniformly determined that § 52-182 does not allow the imposition of double and treble damages on the owner for the reckless conduct of the operator. See Hamilton v. Zarelli,
Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 145033 (October 27, 1995, D'Andrea, J.);Gelormino v. Soucy, Superior Court, judicial district of Waterbury, Docket No. 106827 (January 18, 1995, West, J.,13 Conn. L. Rptr. 341); Krisak v. Pendagast, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 263835 (June 21, 1993, Lager, J., 9 Conn. L. Rptr. 286); Sperger v.Roseman, Superior Court, judicial district of Hartford/New Britain at New Britain, Docket No. 437853 (December 5, 1990, Aronson, J., 3 Conn. L. Rptr. 3)." Gomez v. Mitsubishi MotorsCredit of America, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 327864 (June 19, 1996, Ballen, J.) Accordingly, Catugnos' motion to strike is granted as to Mary Catugno.
THE COURT
MAIOCCO, J.