[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
In this case the plaintiff, minor Ruth Ann Woodworth,[1] by her mother as next friend, has sued defendants James H. Smith and Carol Frey Yingling to recover money damages for certain serious physical injuries she claims to have suffered when the defendants' motor vehicles collided with each other on Waterville Road in Avon on January 30, 1992. In her Revised Complaint ("Complaint") of July 29, 1994, the plaintiff claims that the collision in question occurred when defendant Smith, while attempting to turn to the left, across traffic, from Avonwood Road into the northbound lane of Waterville Road, "abruptly drove his vehicle directly into the path of defendant Yingling's southbound vehicle, causing the two vehicles to crash near the center line of Waterville Road." The plaintiff, who was a backseat passenger in the Yingling vehicle when the collision took place, claims that when the impact occurred, she was thrown violently about the inside of the vehicle, and was thereby caused to suffer the painful, disabling injuries which she lists in her Complaint.
In the first count of her Complaint, the plaintiff alleges that the collision and her resulting injuries were caused by the negligence of defendant Smith. Of the eight specifications of negligence which she has pleaded as to defendant Smith, three are based on claims that Smith violated specific provisions of our State's motor vehicle laws. The plaintiff's allegations of statutory negligence are as follows:
6. . . . that . . .
 c. He failed to . . . yield the right of way to defendant Carol Yingling's vehicle in violation of Section 14-301 of the Connecticut General Statutes[;]
 d. He operated the vehicle recklessly having regard to the width, traffic and use of the highway, road, weather conditions, and the intersection of streets to the danger of the life of the plaintiff passenger in violation of Section 14-222 of the Connecticut General Statutes in that he, with reckless disregard, abruptly drove his vehicle across traffic, without first looking, into the CT Page 12170 vehicle in which plaintiff was a passenger in violation of a stop sign and in disregard of the right of way of an oncoming vehicle[; and]
 h. He was operating his motor vehicle at a rate of speed greater than is reasonable having regard to the width, traffic and use of the highway, the intersection of streets, and the weather conditions in violation of Section 14-218a of the Connecticut General Statutes.
In the second count of her Complaint, the plaintiff alleges that the accident was caused by the carelessness and negligence of Carol Yingling in each of six listed ways, including five specifications of common-law negligence and one specification of statutory negligence.
Finally, in the third count of her Complaint, the plaintiff alleges that:
 6. The accident and resulting injuries to the plaintiff was (sic) caused by the actions of James H. Smith in one or more of the following ways in that:
 a. He deliberately or with reckless disregard operated his motor vehicle at a rate of speed greater than is reasonable having regard to the width, traffic, and use of the highway, road, weather conditions, and the intersection of streets in violation of Section 14-218a of the Connecticut General Statutes, which violation was a substantial factor in causing the plaintiff's injuries as alleged in this Complaint.
 b. He deliberately or with reckless disregard operated his motor vehicle recklessly having regard for CT Page 12171 the width, traffic, and use of the highway, road, weather conditions, and the intersection of streets to the danger of the plaintiff passenger in violation of Section 14-222 of the Connecticut General Statutes, which violation was a substantial factor in causing the injuries to the plaintiff as alleged in the Complaint.
On the basis of the above-described allegations, the plaintiff seeks the following relief:
 1. Damages in excess of $15,000 exclusive of interest and costs.
 2. Treble damages against defendant James H. Smith pursuant to Connecticut General Statutes § 14-295.
 3. Such other relief as in equity may appertain.
Defendant Smith now moves this Court under Section 152 of the Connecticut Practice Book to strike both the third count of the plaintiff's Complaint and her second numbered claim for relief, seeking treble damages against him under General Statutes § 14-295. Claiming that the third count of the Complaint is the only plausible basis upon which the plaintiff can make a claim for treble damages, the defendant argues that both parts of his Motion must be granted because the third count fails to state a claim upon which relief can be granted. He argues, more particularly, that the third count is deficient because instead of alleging specific facts upon which a claim under Section 14-295
can be established, it merely states the bald legal conclusion that that statute was violated.
The purpose of a motion to strike is to test the legal sufficiency of a challenged pleading to state a claim upon which relief can be granted. Baskin's Appeal from Probate,194 Conn. 635, 640 (1984). In ruling on a motion to strike, the court is limited to the facts alleged in the challenged pleading. King v.Board of Education, 195 Conn. 90, 93 (1985). Construing those facts, to the exclusion of all others, in the light most favorable to the pleader, the court must determine whether or not CT Page 12172 proof of those facts at trial would establish the plaintiff s claim or cause of action. Sheiman v. Lafayette Bank Trust Co.,4 Conn. App. 39, 42 (1985). Unless, so construed, they would not, the motion to strike must be denied.
As amended by Public Act 88-229, General Statutes § 14-295
provides in pertinent part as follows:
 In any civil action to recover damages resulting from personal injury . . . or damages to property, the trier of fact may award double or treble damages if the injured party has specifically pleaded that another party has deliberately or with reckless disregard operated a motor vehicle in violation of Sections 14-218a, 14-219, 14-222, 14-227n, 14-230, 14-234, 14-237, 14-239 or 14-240a, and that such violation was a substantial factor in causing such injury . . . or damage to property.
In the third count of her Revised Complaint, the plaintiff has "specifically pleaded," in the language of Section 14-195, that defendant Smith operated his motor vehicle in violation of Sections 14-218a and 14-222 of the General Statutes, that he did so deliberately or in reckless disregard, and that such deliberate or reckless statutory violation was a substantial factor in causing the personal injuries and property damage of which she complains. She has not chosen, however, to elaborate upon her statutory allegations by reciting the particular acts or failures to act which will be claimed to underline those allegations.
 A.
The courts of this State are divided over whether a mere recitation of the language of Section 14-295 gives adequate notice to the defendant of the plaintiff's intent to pursue a claim for relief thereunder. Some judges of this Court have read the statute literally to require no more than a simple allegation, in the language of the statute itself, that the defendant deliberately or with reckless disregard violated one or more of the motor vehicle laws listed therein, and that such CT Page 12173 deliberate or reckless statutory violation was a substantial factor in causing the complained-of harm or damage. See, e.g.,Spencer v. King, 10 CONN. L. RPTR. No. 2, 48 (October 18, 1993) (Higgins, J.) Such judges have reasoned, quite straightforwardly, that since the statute itself requires only that the plaintiff "specifically plead" such a deliberate or reckless statutory violation, a simple recitation of the statutory elements should be all that is necessary to put the defendant on notice that a claim under the statute will be pursued. Id.
Other judges, however, have ruled that here, as when pleading a common-law claim of reckless misconduct, the pleader should not be permitted merely to label his claim as a claim for treble damages under Section 14-295, but should be required to plead sufficient facts to demonstrate that the defendant's alleged conduct, if proved at trial as described in his pleading, clearly falls within the statutory proscription, and thus justifies the awarding of treble damages. See, e.g., Camparone v. Cooper, 7 Conn. L. Rptr. No. 9, 262 (1992) (Lewis, J.).
In arguing for the latter position, the defendant asserts that in view of the penal nature of a treble damages statute, its provisions should be strictly construed against the pleader, who should be required to demonstrate that there is a rational, appropriate basis upon which to distinguish persons who may be penalized under the statute from those who may not. Claiming that one benefit of such a requirement would be a reduction in jury lawlessness based on race — or class-conscious favoritism, the defendant insists that the Court must screen good cases under the statute from bad ones by requiring detailed factual allegations in the pleading process so that only the most egregious, outrageous cases, truly worth of treble damages if proved at trial, will ever be adjudicated.
The major problem with the defendant's position on this matter is very simple. Though the legislature, in passing the amended version of Section 14-295 in 1988, was surely concerned that only serious, even egregious cases of vehicular misconduct should result in the payment of treble damages, it eliminated all speculation as to what the appropriate dividing line should be between conduct which does and does not fall within its proscription. First, the revisors of Section 14-295 sought to limit the availability of treble damages to cases in which the defendant is proved to have committed one or more of our State's most serious motor vehicle offenses. As the legislative history CT Page 12174 from 1988 makes clear, these offenses were selected precisely because their violation typically involves a greater potential for danger to other motorists and pedestrians than the vast majority of other motor vehicle offenses.
The 1988 version of Section 14-295 was passed to replace the pre-existing version of that statute, which had been declared unconstitutional because it had denied the parties the right to have the decision whether or not to award double or treble damages decided by a jury. Bishop v. Kelly, 206. Conn. 608 (1988). Among the changes incorporated into the new statute was the provision limiting the availability of double or treble damages to the violation of a limited number of motor vehicle statutes. As explained to the House of Representatives by Judiciary Committee Co-Chairman Rep. Richard Tulisano, who introduced the bill on behalf of the Committee:
 Mr. Speaker, in addition to what we have said about the amendment, that it conforms our current Statutes of double and treble damages to the trier of facts making that determination, it also limits those cases in which double or treble damages may in fact be awarded.
 There's been a great inconsistence, I think, over the years for minor offenses in which treble damages could be possible, and some serious offenses where it was not possible.
 What the Committee is attempting to do is to determine those kinds of matters which I think are very serious and which the public policy should say that treble damages could be awarded. Those include the influence, reckless driving, and a number of other areas.
 We have omitted from our current statutes a series of other activities which we don't believe are as important to be covered by this area. It puts some equity, I think, in our CT Page 12175 law, dealing with double and treble damages.
Journal of Proceedings, House of Representatives, April 20, 1988, p. 78.
Later, in response to an amendment proposed by Representative Robert Farr to further restrict the substantive scope of the bill to an even smaller number of even more serious motor vehicle violations, Rep. Jay Levin remarked that the amendment was unnecessary, for as amended to that point in the debate, "the statute really focuses on serious violations of motor vehicle laws. . . . I think the statute has been weeded out of pre-existing truly minor offense[s] where liability could be questioned." Id. at 81. Later, still debating Rep. Farr's proposed amendment, Rep. Levin concluded his remarks as follows:
 Again, recognize the violations that are included here. Driving in the wrong lane. Passing in a no passing zone. Driving in the wrong lane on a divided highway or the wrong way on a one-way street. Very serious violations. When they are conducted pursuant to the terms of the statute, [they] could cause serious injury to innocent victims. The statute has been cleared up significantly and I ask again that the amendment be defeated.
Id. at 87.
And so it was. Immediately after Rep. Levin's above-quoted statement was completed, the House of Representatives first defeated Rep. Farr's amendment, then passed the overall bill by the overwhelming margin of 144-3. Id. at 89. Against this background, it is readily apparent that the enactors of the current version of Section 14-295 intended to restrict the availability of double or treble damages to only the most serious vehicle of our State's motor vehicle laws.
Second, the legislature explicitly required that any person seeking treble damages must both plead and prove that the defendant, in violating the underlying motor vehicle offense, did CT Page 12176 so either "deliberately or with reckless disregard." Such language has long been used to modify, sometimes radically, the consequences the law makes available for different violations of the same legal rule or requirement. Bishop v. Kelly, supra at 613-615. A person acts "deliberately" when his acts are performed with purpose or deliberation. Not the product of neglect, mere heedlessness or indifference, they are conscious acts, intentionally performed with a clear-eyed awareness of all the facts and circumstances which make them unlawful.
Similarly, a person who acts with reckless disregard of the dangerous consequences of his conduct acts not with mere negligence, but with a conscious awareness of and disregard for those potential consequences. One person who acts with such a conscious awareness of and disregard for the potentially dangerous consequences of his acts has long been regarded as far more deserving of punishment than one whose acts, however dangerous to others, are merely negligent. Id.
Plainly, by importing such a standard to Section 14-295, the legislature sought to punish by treble damages only those traditionally regarded by the law as most worthy of punishment.[2] The distinguishing factors about their behavior which makes them worthy of such special sanctions is plainly the deliberation or reckless disregard of others with which they act. By pleading, and thus committing herself to proving, this critical mental element, the plaintiff has pleaded all the law requires to ensure that the statute will be strictly enforced according to its terms.
In addition to the foregoing, the Court must observe that even if the third count of the plaintiff's Revised Complaint were stricken for failure to allege sufficient underlying facts to justify its claim for treble damages under General Statutes § 14-295, there would still be no reason to strike her second numbered claim for relief because at least one of her specifications of negligence against defendant Smith contains such detailed allegations of conduct violative of Section 14-295
as to give the defendant clear notice, satisfactory even under the defendant's exacting standards, that treble damages will be sought under that statute. Specifically, paragraph 6.d of Count I of the Revised Complaint alleges that the defendant
 operated [his] vehicle recklessly having regard to the width, traffic and use of the CT Page 12177 highway, road, weather conditions, and the intersection of streets to the danger of the life of the plaintiff passenger in violation of Section 14-222 of the Connecticut General Statutes in that he, with reckless disregard, abruptly drove his vehicle across traffic, without first looking, into the vehicle in which plaintiff was a passenger in violation of a stop sign and in disregard of the right of way of an oncoming vehicle[.]
This is no mere allegation of reckless driving — a statutory violation which, when proven without aggravating circumstances, is a proper legal basis for finding statutory negligence. See Heslin v. Malone, 116 Conn. 471, 475 (1933). Instead, though it fails to cite Section 14-295 explicitly, it clearly alleges that the defendant violated General Statutes § 14-222 "with reckless disregard," then goes on to describe in detail both the conduct claimed to constitute the statutory violation and the reasons why that conduct is claimed to have been engaged in with reckless disregard. Surely, if the allegations of paragraph 6.d are proved at trial, the jury will be well justified in awarding the plaintiff treble damages.
Even, then, if the third count of the Revised Complaint were to be stricken, the language of paragraph 6.d, when read together with the plaintiff's second numbered request for relief, would be adequate to apprise the defendant that relief will be sought under Section 14-295.
For all of the foregoing reasons, the defendant's Motion to Strike is hereby denied. It is so ordered this 2nd day of December, 1994.