[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#106)
The plaintiffs, Sharon E. McGuire and Thomas B. McGuire, Jr., commenced this action against the defendant, Charles H. Ferguson, to recover damages for injuries allegedly sustained in an automobile accident. The plaintiffs' six count amended complaint alleges that a vehicle operated by the defendant rear ended the plaintiff Sharon McGuire's motor vehicle while she was stopped in traffic on Route 7 in New Milford, Connecticut. As a result of the collision, the plaintiff Sharon McGuire claims she suffered severe injuries. The second revised amended complaint (amended complaint) alleges claims for negligence, recklessness, double or treble damages under General Statutes Sec. 14-295 and also alleges claims by the plaintiff Thomas B. McGuire for loss of consortium.
The defendant now moves to strike the second, third, fourth and sixth counts of the amended complaint, as well as the paragraph in the prayer for relief seeking double or treble damages under Sec. 14-295. In support of its motion, the defendant filed a CT Page 7962 memorandum of law. The plaintiffs timely filed a memorandum in opposition.
DISCUSSION
The function of the motion to strike is to test the legal sufficiency of a pleading. Practice Book Sec. 151; Ferryman v.Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989). "[A]ll facts well pleaded and those facts necessarily implied from the allegations are taken as admitted." Amodio v. Cunningham, 182 Conn. 80,82-83, 438 A.2d 6 (1980). "[T]he court must construe the facts alleged in a pleading in the manner most favorable to the plaintiff." Rowe v. Godou, 209 Conn. 273, 278, 550 A.2d 1073
(1988). "The allegations are entitled to the same favorable construction as a trier would be required to give in admitting evidence under them." Ferryman v. Groton, supra, 142. If the facts provable under the allegations would support a defense or cause of action, the motion to strike must fail." Id.
The defendant argues that the second count of the amended complaint does not sufficiently allege facts to support a claim for common law recklessness. The defendant contends that the second count is based upon the same factual allegations supporting the plaintiffs' claim for negligence in the first count and that this count fails to allege specific facts rising to the level of recklessness. The plaintiffs, however, contend that they have pleaded facts with sufficient specificity to state a claim for common law recklessness.
"Recklessness is a state of consciousness with reference to the consequences of one's acts." (Citations omitted.) Dubay v.Irish, 207 Conn. 518, 532, 542 A.2d 711 (1988).
 It "requires a conscious choice of a course of action either with knowledge of the serious danger to others involved in it or with knowledge of facts which would disclose this danger to any reasonable man,' and the actor `must recognize that his conduct involves a risk substantially greater than that which is necessary to make his conduct negligent."
(Citation omitted.) Sheiman v. Lafayette Bank Trust Co., 4 Conn. App. 39,45, 492 A.2d 219 (1985). To maintain a cause of action sounding in recklessness, the claim of recklessness must be set out CT Page 7963 separately from any claim of negligence and must inform the court and opposing counsel clearly that wilful or malicious conduct is being asserted. Warner v. Leslie-Elliot Constructors, Inc.,194 Conn. 129, 138, 479 A.2d 231 (1984). "`There is a wide difference between negligence and a reckless disregard of the rights or safety of others, and a complaint should employ language explicit enough to inform the court and opposing counsel that reckless misconduct is relied on.'" Dumond v. Denehy, 145 Conn. 88, 91, 139 A.2d 58
(1958), quoting Brock v. Waldron, 127 Conn. 79, 80, 14 A.2d 713
(1940). "Simply using the word `reckless or recklessness' is not enough. A specific allegation setting out the conduct that is claimed to be reckless or wanton must be made." Id., see Sheimanv. Lafayette Bank Trust Co., supra, 4 Conn. App. 46.
Paragraph five of the second count is the basis for the claim of recklessness, and it alleges:
 On information and belief, defendant proceeded to drive down Route 7 in darkness while turning or otherwise adjusting his car stereo, travelling between two hundred and three hundred feet in a southerly direction without looking up. During this time, defendant accelerated his vehicle while focusing his attention exclusively on adjusting his car stereo. Defendant looked up only just before colliding with Ms. McGuire's vehicle. Defendant thereby acted in reckless disregard of the safety and rights of others travelling on Route 7, and in complete disregard of the consequences of his actions. On information and belief, defendant acted with knowledge that his actions posed serious dangers to others.
Construing the second count in a manner most favorable to the plaintiffs, as is required on a motion to strike; Gordon v.Bridgeport Housing Authority, supra, 208 Conn. 170; this count sufficiently alleges a cause of action for recklessness. The second count alleges that despite knowing that his actions posed serious danger to others, the defendant accelerated his motor vehicle while focusing his attention exclusively on his car stereo without looking up. The plaintiffs have alleged a conscious choice on the part of the defendant by alleging that he acted with knowledge that his actions posed a serious danger to others. As such, the allegations are sufficient to state a claim for. recklessness. This count also sets forth the specific allegations CT Page 7964 alleged to be reckless: driving in darkness while adjusting his car stereo, travelling between two hundred and three hundred feet without looking up and accelerating his vehicle while focusing his attention exclusively on adjusting his car stereo. In addition, the plaintiffs have set out this claim separately from their negligence claim and used language which informs both the court and defendant's counsel that a claim of recklessness is being made. Thus, the second count of the amended complaint sets forth a legally sufficient claim for recklessness.
This case is distinct from the cases that stand for the proposition that a cause of action for recklessness is not sufficiently stated when it relies on the same factual pattern as a count sounding in negligence. See Varlese v. Beers,3 Conn. L. Rptr. 474 (1991) (Sullivan, J.); Holloway v. Silberberg,2 Conn. L. Rptr. 289 (1990) (Hartmere, J.); Anderson v.Ansaldi, 8 Conn. L. Rptr. 242 (1993) (Berger, J.). For example, in Anderson v. Ansaldi, supra, the plaintiff attempted to allege recklessness by merely repeating the factual allegations of a negligence count and adding that such conduct constituted a reckless disregard for the rights others. In this case, the second count does not merely repeat the first count's allegations of negligence, but instead contains specific allegations claimed to be reckless. The allegations of the second count of the amended complaint as presently alleged sufficiently state a cause of action for recklessness.
The defendant also argues that the third and fourth counts should be stricken because they do not sufficiently allege reckless conduct in order to sustain a claim for double or treble damages under General Statutes Sec. 14-295. The defendant contends that in order to state a claim under this section, a plaintiff must allege facts sufficient to state a claim for recklessness at common law. The plaintiff, however, argues that Sec. 14-295 only requires allegations that one of the triggering statute has been violated in reckless disregard of the rights of others and that this violation was a substantial factor in causing the plaintiff's injuries.
General Statutes Sec. 14-295 provides in pertinent part that "[i]n any civil action to recover damages resulting from personal injury, wrongful death or damage to property, the trier of fact may award double or treble damages if the injured party has specifically pleaded that another party has deliberately or with reckless disregard operated a motor vehicle in violation of section14-218a . . . and that such violation was a substantial factor in CT Page 7965 causing such injury, death or damage to property."
The appellate courts of this state have not addressed the issue of what a plaintiff must plead to sufficiently state a claim supporting double or treble damages under Sec. 14-295. A split of authority exists among the decisions of the Connecticut Superior Court as to this issue. One line of decisions holds that a plaintiff must not only plead a statutory violation as set forth in Sec. 14-295, but also facts that would support a claim of reckless conduct at common-law. Pitka v. Ullrich,13 Conn. L. Rptr. 32 (November 16, 1994) (Austin, J.), Lezotte v. HanoverInsurance Co., 8 Conn. L. Rptr. 199 (1993) (Sylvester, J.); Comparonev. Cooper, 7 Conn. L. Rptr. 262 (1992) (Lewis, J.); Gaudet v.Ziobran, 6 Conn. L. Rptr. 7 CSCR 752 (1992) (Austin, J.); Varlese v.Beers, 3 Conn. L. Rptr. 474 (1991) (Sullivan, J.). This line of cases has interpreted Sec. 14-295 to require a plaintiff to plead facts sufficient to inform the defendant of which acts were reckless. These courts require a plaintiff to set forth specific allegations that describe the conduct that is alleged to have risen to the level of recklessness. See, Gaudetv. Ziobran, supra. Additionally, these courts have held that "[t]he reiteration of facts previously asserted to support a cause of action in negligence, without more, cannot be transformed into a claim of reckless misconduct by mere nomenclature." Fisher v. Irby, JD of Fairfield at Bridgeport, DN. 309622 (February 1, 1994, Ballen, J.)
The other line of decisions holds that a plaintiff need only allege one or more of the specific statutory violations as set forth in Sec. 14-295. Eldridge v. Sternberg, 1 Conn. Ops. 297 (March 13, 1995) (Wagner, J.); Armstrong v. Smith,13 Conn. L. Rptr. 120 (December 2, 1994) (Sheldon, J.); Ogletree v. Brown,12 Conn. L. Rptr. 272,9 CSCR 908 (1994) (Lewis, J.), Cherry v. ABF Systems, Inc.,12 Conn. L. Rptr. 101 (June 29, 1994) (Hartmere, J.); Knoblauch v.Atlantic Ventilating and Equipment Co., 10 Conn. L. Rptr. 275
(October 25, 1993) (Corradino, J.); Spencer v. King,10 Conn. L. Rptr. 48,8 CSCR 1024 (September 16, 1993) (Higgins, J.). Under this line of cases, the plaintiff is only required to plead that the defendant violated one or more of the statutory provisions enumerated in General Statutes Sec. 14-295 and that this violation was a substantial factor in causing the plaintiff's injuries. According to this view, Section14-295 "does not require the same specificity of pleading which is required to support a cause of action predicated on [common law] recklessness." Spencer v. King, supra. CT Page 7966
This court has previously adopted the reasoning of those cases that hold that a plaintiff need only allege a statutory violation as set forth in Sec. 14-295 to sufficiently allege a claim for double and treble damages under that statute. Switek v. Fournier,
Superior Court, JD of Litchfield, DN. 067858 (July 5, 1995) (Pickett, J.) In that case, the court stated:
 Section 14-295 clearly provides what needs to be "specifically pleaded" by a plaintiff for a trier of fact to award double and treble damages. Accordingly, it should be applied as its words direct. Additionally, the defendant is adequately put on notice that double and treble damages are being claimed when the plaintiff complies with Sec. 14-295's requirements. While a plaintiff may certainly plead facts in greater detail than mandated under the statute, a plaintiff is not required to plead more than what the statute explicitly provides.
Id.
In this case, both counts three and four of the amended complaint allege that the defendant deliberately or with reckless disregard operated his motor vehicle in violation of Sec. 14-218a
and 14-222 respectively, and that these violations were a substantial factor in causing the plaintiff Sharon E. McGuire's injuries. The plaintiffs, therefore, have sufficiently alleged claims for double or treble damages under Sec. 14-295. Thus, the defendant's motion to strike counts three and four, and the paragraph in the prayer for relief seeking double or treble damages under Sec. 14-295 is denied.
The defendant also moves to strike the sixth count of the amended complaint in which the plaintiff Thomas McGuire seeks double or treble damages under Sec. 14-295 for loss of consortium. The defendant argues that this could should be stricken because it fails to allege reckless conduct to support a claim under Sec. 14-295. In the alternative, the defendant argues that loss of consortium is not a legally sufficient claim to support double or treble damages under Sec. 14-295. The plaintiffs contend that a loss of consortium claim seeks recovery from personal injury, and, therefore, is sufficient under the language of Sec. 14-295 to support a claim for double or treble damages. CT Page 7967
A number of Superior Court decisions have addressed the issue of whether a loss of consortium claim is sufficient to support a claim for double or treble damages under Sec. 14-295. Shabazz v.Price, 11 Conn. L. Rptr. 331, 334 (April 22, 1994) (Hodgson, J.);Sansabrino v. Massa, 11 Conn. L. Rptr. 416, 9 CSCR 515 (1994) (Allen, S.T.R.); Lombardo v. Norman, Superior Court, JD of Stamford/Norwalk at Stamford, DN. 127305 (December 27, 1993) (Nigro, J.); and Lane v.Post, 7 Conn. L. Rptr. 230 (1992) (Walsh, J.). The majority of decisions have held that such a claim is not sufficient to support double or treble damages under Sec. 14-295. Sansabrino v. Massa, supra;Lombardo v. Norman, supra; Lane v. Post, supra; but see Shabazzv. Price, supra (holding that loss of consortium claim may support double or treble damages under Sec. 14-295). The reasoning behind these cases is that in Sec. 14-295 the legislature specifically provided for a derivative claim for wrongful death, but not such provision was made for loss of consortium. Sansabrino v. Walsh, supra; Lane v. Post, supra. This court agrees with the reasoning of these cases, and, therefore, the motion to strike the sixth count is granted.
In conclusion, the motion to strike counts two, three and four is denied. The motion to strike the paragraph of the prayer for relief seeking double or treble damages under Sec. 14-295 is also denied. The motion to strike, the sixth count, however, is granted.