[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The plaintiff, Michael Mascia, has filed suit against the defendants, Hugh C. Brewer, III and General Motors Acceptance Corporation (General Motors), seeking damages for injuries allegedly sustained as a result of an automobile accident on December 24, 1993. In the first count, which sounds in negligence, the plaintiff alleges that he was struck while jogging on the Post Road in Darien, Connecticut by an automobile owned by General Motors and operated by Brewer. According to the complaint, at all relevant times the vehicle was leased to Brewer by General Motors and thus General Motors is liable for the acts of Brewer pursuant to General Statutes § 14-154a.
In the second count, the plaintiff incorporates the allegations contained in the first count and further alleges that Brewer operated the vehicle owned by General Motors with reckless disregard for the health, safety and well-being of persons such as the plaintiff and that such reckless disregard was a substantial factor in causing the plaintiff's injuries in that Brewer: "a. Operated said vehicle at a rate of speed greater than CT Page 130 was reasonable having regard to the width, traffic and use of the highway, the intersection of streets and weather conditions in violation of Connecticut General Statutes § 14-218a; [and] b. Operated said vehicle recklessly so as to endanger the life of another person with regard to the width, traffic and use of such highway, intersection of streets and weather conditions in violation of Connecticut General Statutes § 14-222." Revised Complaint, Second Count, ¶ 10. The plaintiff now seeks monetary damages along with double and treble damages pursuant to General Statutes § 14-295.
The defendants filed a motion to strike the second count of the plaintiff's complaint and the corresponding prayer for relief on the grounds that: (1) the second count fails to set forth sufficient facts to state a claim for recklessness under §14-295; and (2) with respect to General Motors, there is no vicarious liability to an owner of a motor vehicle under §14-295.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citation omitted; internal quotation marks omitted.) Waters v. Autuori, 236 Conn. 820, 825-26, 676 A.2d 357
(1996). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems, Inc. v. BOC Group, Inc.,224 Conn. 210, 215, 618 A.2d 25 (1992).
The defendants argue that the second count must be stricken because it fails to allege sufficient facts to warrant a claim of recklessness under General Statutes § 14-295. Although acknowledging that there is a split of authority, the defendants argue that the majority of courts that have considered the issue have held that a plaintiff must plead facts which adequately place the defendant on notice as to what specific conduct rises to the level of recklessness. In addition, the defendants argue that the second count should be stricken as to General Motors because § 14-295 provides no basis for imposing punitive or exemplary damages upon the owner of a motor vehicle for the alleged recklessness of its operator. Consequently, the CT Page 131 defendants claim that the plaintiff's prayer for relief which seeks double and treble damages pursuant to § 14-295 must also fail.
The plaintiff also notes the split of authority among the superior courts on this issue, but argues that there is no clear majority view and relies on the line of cases which holds that a plaintiff need only allege that the defendant violated one or more of the statutes enumerated in § 14-295. Because the plaintiff has alleged violations of §§ 14-218a and 14-222, the plaintiff claims that he has alleged sufficient facts to state a claim of recklessness under General Statutes § 14-295.
Second, the plaintiff argues based on the Connecticut Supreme Court's decision in Gionfriddo v. Avis Rent A Car Systems, Inc.,192 Conn. 280, 288-89, 472 A.2d 306 (1984), that General Motors is vicariously liable as the owner of the motor vehicle under General Statutes § 14-154a for any double or treble damages that may be assessed against Brewer pursuant to § 14-295. According to the plaintiff, because the second count sets forth sufficient facts to sustain a claim of recklessness, he may seek an award of double and treble damages pursuant to § 14-295 in his prayer for relief.
General Statutes § 14-295 provides in pertinent part: "In any civil action to recover damages resulting from personal injury . . . the trier of fact may award double or treble damages if the injured party has specifically pleaded that another party has deliberately or with reckless disregard operated a motor vehicle in violation of section 14-218a, 14-219, 14-222, 14-227a,14-230, 14-234, 14-237, 14-239 or 14-240a, and that such violation was a substantial factor in causing such injury . . . ." "An award of double [or treble] damages is appropriate when the defendant has deliberately or with reckless disregard violated one of the statutes to which § 14-295
refers." Bishop v. Kelly, 206 Conn. 608, 614, 539 A.2d 108
(1988). The issue before this court is what a plaintiff must plead to state sufficiently a claim supporting double or treble damages under § 14-295. The appellate courts of this state have not addressed this issue, and a split of authority exists among the decisions of the Connecticut superior courts.
In the first line of cases, courts have interpreted § 14-295
CT Page 132 as requiring the plaintiff to plead facts sufficient to support a claim of recklessness at common-law, rather than simply alleging that the defendant has violated one or more of the statutory sections enumerated in § 14-295. See, e.g., Pitkav. Ullrich, Superior Court, judicial district of New London at New London, Docket No. 530000 (November 16, 1994, Austin, J.,13 Conn. L. Rptr. 32) (simple allegation that the defendant deliberately or recklessly violated certain motor vehicle statutes insufficient to support a claim for double or treble damages under § 14-295); Lezotte v. Hanover Ins. Co., Superior Court, judicial district of Waterbury at Waterbury, Docket No. 112067 (January 6, 1993, Sylvester, J.,8 Conn. L. Rptr. 199, 200); Gaudet v. Ziobran, Superior Court, judicial district of Middlesex at Middletown, Docket No. 061126 (June 8, 1992, Austin, J., 6 Conn. L. Rptr. 862). "Additionally, these courts have held that [t]he reiteration of facts previously asserted to support a cause of action in negligence, without more, cannot be transformed into a claim of reckless misconduct by mere nomenclature." (Internal quotation marks omitted.) St.George v. Connecticut Car Rental Co., Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 554923 (February 27, 1996, Spada, J.).
The second line of cases holds that a plaintiff is only required to allege that the defendant violated one or more of the motor vehicle statutes enumerated in § 14-295. See, e.g., St.George v. Connecticut Car Rental Co., supra ("[T]he plaintiff is only required to allege that the defendant violated one or more of the motor vehicle statutes enumerated in § 14-295.");Armstrong v. Smith, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 533947 (December 2, 1994, Sheldon, J., 13 Conn. L. Rptr. 120); Spencer v. King, Superior Court, judicial district of Middlesex at Middletown, Docket No. 069530 (September 16, 1993, Higgins, J.,10 Conn. L. Rptr. 48). "Under this line of cases, the plaintiff is only required to plead that the defendant violated one or more of the statutory provisions enumerated in General Statutes Sec. 14-295
and that this violation was a substantial factor in causing the plaintiff's injuries." McGuire v. Ferguson, Superior Court, judicial district of Litchfield at Litchfield, Docket No. 068021 (July 31, 1995, Pickett, J., 14 Conn. L. Rptr. 624, 625-26). According to this view, § 14-295 "does not require the same specificity of pleading which is required to support a cause of action predicated on [common law] recklessness." Spencer v. King, supra, 10 Conn. L. Rptr. 49. CT Page 133
The plaintiff in the present case has alleged that Brewer operated the motor vehicle, with reckless disregard, in violation of General Statutes §§ 14-218a and 14-222, two of the sections enumerated in § 14-295, and that Brewer's reckless disregard was a substantial factor in causing the plaintiff's injuries. The plaintiff has therefore satisfied the pleading requirements set forth in the second line of cases for a claim of double or treble damages pursuant to § 14-295. Nevertheless, the plaintiff also alleges in the second count that Brewer operated the vehicle "at a rate of speed greater than was reasonable" under the circumstances in violation of § 14-218a, and operated the vehicle "recklessly so as to endanger the life of another" in violation of § 14-222. Revised Complaint, Second Count, ¶ 10. Under these circumstances, the plaintiff has sufficiently pleaded a claim for double or treble damages pursuant to §14-295 even under the line of cases demanding greater specificity in pleading. See Castillo v. Caporani, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 329702 (April 12, 1996, Ballen, J.) (allegation that defendant deliberately or with reckless disregard operated vehicle "at an unreasonable, improper and excessive rate of speed" in violation of § 14-218a
sufficient to state "a cause of action under § 14-295 even under the superior court cases demanding greater specificity in pleading.").
Furthermore, the Connecticut Supreme Court has consistently construed General Statutes § 14-154a "as imposing on one who rents or leases a motor vehicle to another the same liability asthat of its operator." (Internal quotation marks omitted; emphasis in original.) Gionfriddo v. Avis Rent A Car Systems,Inc., 192 Conn. 280, 284, 472 A.2d 306 (1984). "[T]he owner-lessor is made the alter ego of the operator so that the latter's acts with respect to the operation of the car . . . are in law the acts of the owner-lessor." (Internal quotation marks omitted.) Id., 285. "In imposing a statutory suretyship upon owners and lessors of motor vehicles, § 14-154a makes no distinction between compensatory, exemplary or treble damages." Id., 290. The plaintiff in the present case has alleged that General Motors was the owner-lessor of the vehicle operated by Brewer. Therefore, as a surety under § 14-154a, General Motors "must pay for all damages, including treble damages, properly assessed against" Brewer. (Emphasis added.) Id., 288.
Based on the foregoing, the plaintiff has alleged facts CT Page 134 sufficient to state a claim for double or treble damages pursuant to General Statutes § 14-295. Therefore, the defendants' motion to strike the second count of the plaintiff's revised complaint and the corresponding prayer for relief is denied.
D'ANDREA, J.