[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The plaintiff, Nancy Belon, has brought this action against the defendant, Sandra Bria, alleging that the plaintiff was operating her motor vehicle on February 1, 1994, in the town of Greenwich when the defendant's automobile collided with the CT Page 3003 plaintiff's causing the plaintiff to receive various personal injuries. In the first count of the complaint, the plaintiff alleges a cause of action for negligence and in the second count of the complaint, the plaintiff alleges that the defendant operated her motor vehicle with reckless disregard of the provisions of General Statutes § 14-218a.[1] Although not specifically pleaded in the second count, the plaintiff appears to be alleging a cause of action under § 14-295.[2]
The defendant filed a motion to strike the second count of the complaint contending that the plaintiff has failed to allege sufficient facts to allege a claim under § 14-295.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Novametrix Medical Systems, Inc. v. BOCGroup, Inc., 224 Conn. 210, 214-15, 618 A.2d 25 (1992). When reviewing a motion to strike, "[t]he court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Id., 215. The court, when ruling on a motion to strike, may not be "aided by the assumption of any facts not therein alleged." (Internal quotation marks omitted.) Liliedahl Bros., Inc. v. Grigsby, 215 Conn. 345, 348
(1990).
The defendant moves to strike the second count on the grounds that the plaintiff has failed to allege sufficient facts to establish that the defendant acted recklessly. The appellate courts have not indicated what facts a plaintiff must plead in order to establish a cause of action pursuant to General Statutes § 14-295 and there is a split in authority among the superior courts on this issue.
The first line of superior court cases requires a plaintiff to plead specific facts to support a claim of recklessness at common law in addition to alleging a violation of one of the enumerated statutes in § 14-295. See, e.g., Pitka v. Ullrich,
Superior Court, judicial district of New London at New London, Docket No. 530000 (November 16, 1994, Austin, J.,13 Conn. L. Rptr. 32) (simple allegation that the defendant deliberately or recklessly violated certain motor vehicle statutes is insufficient to support a claim under § 14-295); Lezotte v.Hanover Ins. Co., Superior Court, judicial district of Waterbury at Waterbury, Docket No. 112067 (January 6, 1993, Sylvester, J., CT Page 30048 Conn. L. Rptr. 199, 200); Gaudet v. Ziobran, Superior Court, judicial district of Middlesex at Middletown, Docket No. 061126 (June 8, 1992, Austin, J., 6 Conn. L. Rptr. 862).
The second line of cases holds that a plaintiff must only allege that the defendant violated one or more of the motor vehicle statutes enumerated in § 14-295 and that this violation was a substantial factor in causing the plaintiff's injuries. See, e.g., St. George v. Connecticut Car Rental Co.,
Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 554923 (February 27, 1996, Spada, J.) (holding that the plaintiff is only required to allege that the defendant violated one of the statutes enumerated in §14-295); McGuire v. Ferguson, Superior Court, judicial district of Litchfield at Litchfield, Docket No. 068021 (July 31, 1995, Pickett, J., 14 Conn. L. Rptr. 624, 625-26) ("[T]he plaintiff is only required to plead that the defendant violated one or more of the statutory provisions enumerated in General Statutes Sec.14-295 and that this violation was a substantial factor in causing the plaintiff's injuries.").
In the present case, the plaintiff has pleaded in the second count that the defendant "operated her vehicle at a rate of speed which was greater than reasonable having regard to the width, traffic and use of said highway and the intersection of streets and other conditions then and there prevailing, in violation of Conn. Gen. Stats. § 14-218a." (Plaintiff's Complaint, January 18, 1996, para. 14b). The plaintiff then pleads that the defendant "operated her motor vehicle deliberately and/or with reckless disregard of the provisions of Conn. Gen. Stats. §14-218a, and her violation was a substantial factor in causing injuries and damage to the plaintiff." (Plaintiff's Complaint, January 18, 1996, para. 15). When construed in the manner most favorably to the plaintiff, these allegations sufficiently set forth a claim under § 14-295 even under the line of cases requiring the plaintiff to specifically plead facts demonstrating reckless conduct on the part of the defendant. See Castillo v.Caporani, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 329702 (April 12, 1996, Ballen, J.) (alleging that the defendant deliberately or with reckless disregard operated a vehicle "at an unreasonable, improper and excessive rate of speed" in violation of § 14-218a was sufficient to state "a cause of action under § 14-295 even under the superior court cases demanding greater specificity in pleading."). Therefore, the court denies the defendant's motion CT Page 3005 to strike.
D'ANDREA, J.