[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Joshua Koslowski, filed a two count complaint against the defendants, Dean S. Janiak and John Janiak, on August 22, 1997, alleging damages resulting from a motor vehicle collision at the intersection of George and College Streets in New Haven. The plaintiff's first count sounds in negligence and alleges that the defendant, Dean S. Janiak, "(a) ran a red light; (b) ran a red light in violation of General Statutes § 14-299
(b)(3);[1] (c) was traveling too fast for the conditions then and there existing; (d) was traveling too fast for the conditions then and there existing in violation of General Statutes §14-218a;[2] (e) failed to keep a proper lookout for other vehicles on the road; or (f) failed to keep the vehicle under proper and reasonable control." Count I, ¶ 5.
Count two incorporates paragraphs one through four of the first count and also alleges that the defendant, Dean S. Janiak, "recklessly ran a red light [by driving] at a high rate of speed . . . and in disregard for the safety of other vehicles on the road" in violation of §§ 14-299 (b)(3) and 14-218a; The plaintiff additionally alleges that "said recklessness was a substantial factor in causing the plaintiff['s] . . . injuries." Count II, ¶ 6. Thus, the plaintiff argues that he is entitled to multiple damages pursuant to § 14-295.[3]
On September 15, 1995, the defendants filed a motion to strike count two of the plaintiff's complaint on the ground that it failed to allege facts sufficient to support a claim of reckless conduct.
Pursuant to Practice Book § 155, the defendants have filed a memorandum in support of their motion to strike, and the plaintiff has filed a memorandum in opposition.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Waters v.Autuori, 236 Conn. 820, 825-26, 676 A.2d 357 (1996). "If the facts provable in the complaint would support a cause of action, the motion strike must be denied." Id., 826. CT Page 1724
"In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Novametrix Medical Systems, Inc. v. BOC Group, Inc.,224 Conn. 210, 215, 618 A.2d 25 (1992). While a motion to strike admits all facts well pleaded, "[a] motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Id. In determining the sufficiency of the pleading, the trial court "must take the facts to be those alleged in the complaint . . . . and cannot be aided by the assumption of any facts not therein alleged." (Citations omitted.) Liljedahl Bros., v. Grigsby, 215 Conn. 345, 348,576 A.2d 149 (1990).
The defendants move to strike count two of the plaintiff's complaint on the ground that it fails to allege facts to support a claim of reckless conduct. The defendants argue that the claims in count two do not differ from those pleaded in count one, which allegations sounded in negligence.
The plaintiff argues that his claim is for statutory recklessness and, thus, he need only plead the essential elements of General Statutes § 14-295, specifically: (1) "the another party has deliberately or with reckless disregard operated a motor vehicle violation of § 14-218a" and (2) that "such violation was a substantial factor in causing such injury, death or damage to property."
The appellate courts of this state have not addressed the issue of whether a plaintiff must plead facts supporting a claim of reckless conduct in addition to pleading one of the specific violations to which General Statutes § 14-295 refers. There is, however, a split of authority in Connecticut's superior courts on the issue.
"In the first line of cases, courts have interpreted §14-295 to require more than simply pleading that the defendant has violated one of the statutory sections enumerated in §14-295." Prince v. Gilling, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 531397 (March 20, 1995, Hale, J.). "Awards of double and treble damages under §14-295 are not required simply because a defendant has been found to have violated one of the named statutes. Rather, such damages are assessed based on the degree of the defendant's culpability." (Internal quotation marks omitted.) Jimenez v. Schell, Superior CT Page 1725 Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 137265 (November 8, 1994, Lewis, J.). Thus, when a "complaint alleges recklessness it must use explicit language that informs both the court and the defendant what conduct is relied upon."Fisher v. Irby, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 309622 (February 1, 1994, Ballen, J.). These courts have stated that "[t]he reiteration of facts previously asserted to support a cause of action in negligence, without more, cannot be transformed into a claim of reckless misconduct by mere nomenclature." Castrovillari v. Bourse,
Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 129351 (March 3, 1994, Lewis, J.); Jones v.Albee, Superior Court, judicial district of New Haven at New Haven, Docket No. 349990 (November 3, 1993, Hartmere, J.) (In a claim for breach of § 14-222, a "brief reference to recklessness contained within a count which otherwise is clearly limited to ordinary negligence, is not sufficient to raise a claim of reckless misconduct"); Bivens v. Brewster, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 308588 (March 22, 1994, Rodriquez, J.)("the plaintiff must do more than reiterate the facts alleged in their negligence counts in order to make out a claim for reckless violations of any of the statutes referred to in General Statutes § 14-295").
"Under the second line of cases . . . the plaintiff is only required to plead that the defendant has violated one or more of the statutory provisions enumerated in General Statutes §14-295"; Solarzano v. Wilson, Superior Court, judicial district of New Haven at New Haven, Docket No. 356885 (November 10, 1994,Zoarski, J.); "and that this violation was a substantial factor in causing the plaintiff's injuries." McGuire v. Ferguson,
Superior Court, judicial district of Litchfield at Litchfield, Docket No. 068021 (July 31, 1995, Pickett, J.) (14 Conn. L. Rptr. 624, 625-26). General Statutes § 14-295 states that "the trier of fact may award double or treble damages if the injured party has specifically pleaded that another party has deliberately or with reckless disregard operated a motor vehicle in violation of [certain statutory sections]. " Accordingly, "when the allegation is a violation of a statute, it is only necessary to comply with the statute, and . . . the plaintiff need not allege specific facts to support a claim of recklessness as would be required in a claim of common law recklessness. When the language used by the legislature is plain and unambiguous, there is no room for construction by the courts, and the statute will be applied as its words direct." (Citations omitted.) AugerCT Page 1726v. Baddeley, Superior Court, judicial district of Tolland, at Rockville, Docket No. 9660334 January 13, 1997, Rittenband, J.). See Spencer v. King, Superior Court, judicial district of Middlesex, at Middletown, Docket No. 069530 (September 16, 1993,Higgins, J.) (10 Conn. L. Rptr. 48, 49) (denying defendant's motion to strike as "the plaintiff has here pled that the defendant with reckless disregard, operated his motor vehicle in violation of General Statutes § 14-218a and §14-222 . . . [and] has, therefore sufficiently pled his entitlement on multiple damages under § 14-295 . . .").
The legislative history of § 14-295 reveals an intent to subject only the most egregious cases of vehicular misconduct to double and treble damages as such misconduct involves a greater potential for danger to other motorists and pedestrians.Armstrong v. Smith, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 533947 (December 2, 1994, Sheldon, J.) (13 Conn. L. Rptr. 120, 121-22). During committee debate on the bill that would become § 14-295, Representative Robert Farr urged his constituents to: "[R]ecognize the violations that are included [within the bill:] [d]riving in the wrong lane. Passing in a no passing zone. Driving in the wrong lane on a divided highway or the wrong way on a one way street. Very serious violations." Id., citing Journal of Proceedings, House of Representatives, April 20, 1988, p. 87.
Courts following the second line of cases, reason that when a party meets the legislative directive of pleading and proving that the defendant committed the offense "deliberately or with reckless disregard"; Armstrong v. Smith, supra,13 Conn. L. Rptr. 122; "[that party] has pleaded all the law requires to ensure that the statute will be strictly enforced according to its terms." Id.
Under the second line of cases, the plaintiff in the present case, has sufficiently pleaded entitlement to multiple damages under § 14-295 as he has pleaded that the defendants committed the offenses "reckless[ly] . . . in disregard for the safety of others"; Count II, ¶ 6; in violation of § 14-299
(b)(3) and § 14-218 (a), two of the sections enumerated in § 14-295. Additionally, the plaintiff has alleged that "said recklessness was a substantial factor in causing the plaintiff['s] . . . injuries." Count II, ¶ 6. Therefore the defendants' motion to strike count two of the plaintiff's CT Page 1727 complaint is denied.
Howard F. Zoarski Judge Trial Referee