[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTION TO STRIKE
This lawsuit arises out of a motor vehicle accident and is set forth by the plaintiff in four counts. The first and second counts allege negligence and recklessness pursuant to section14-295 of the General Statutes ("§ 14-295"), and are directed against the driver, Socorro Reyes. The third and fourth counts make similar claims against the owner, Pedro J. Rosa.
The defendants move to strike the second count and the prayer for relief related thereto on the ground the complaint does not contain a sufficient claim of recklessness to warrant double or treble damages pursuant to § 14-295. In particular, the defendants contend that the purported "recklessness" claim restates the allegations of negligence contained in the first count and merely re-labels this conduct as reckless in the second count. The defendants further move to strike the fourth count on the ground that an owner cannot be held vicariously liable for the recklessness of the operator.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) NovametrixMedical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210, 214-15,618 A.2d 25 (1992). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied."Waters v. Autori, 236 Conn. 820, 826, 676 A.2d 357 (1996). CT Page 12692
Count Two
The defendants argue that count two and the accompanying prayer for relief must be stricken because count two fails to allege sufficient facts to warrant a claim of recklessness under § 14-295. Section 14-295 provides in pertinent part:
 "In any civil action to recover damages resulting from personal injury . . . the trier of fact may award double or treble damages if the injured party has specifically pleaded that another party has deliberately or with reckless disregard operated a motor vehicle in violation of section 14-218a, 14-219, 14-222, 14-227a, 14-230, 14-234, 14-237, 14-239 or 14-240a, and that such violation was a substantial factor in causing such injury. . . ."
"An award of double [or treble] damages is appropriate when the defendant has deliberately or with reckless disregard violated one of the statutes to which § 14-295 refers."Bishop v. Kelly, 206 Conn. 608, 614, 539 A.2d 108 (1988).
In particular, the defendants claim that the only difference between counts one and two is that in paragraph 5 of count two, the plaintiff alleges that the rate of speed at which the defendant was operating his motor vehicle was not only "unreasonable" as set forth in count one, but "reckless" or "deliberate." Although the defendants acknowledge that there is a split of authority, they claim that the majority of the courts that have considered the same issue have held that the plaintiff must allege more facts than those alleged in support of the negligence count sufficient to inform the defendant which acts were reckless, even if specific reference is made to one or more of the statutes which trigger the application of § 14-295.
The cases cited by the defendants in support of their motion have interpreted § 14-295 as requiring the plaintiff to plead facts sufficient to support a claim of recklessness at common law, rather than simply alleging that the operator has violated one or more of the statutory sections enumerated in § 14-295. See, e.g., Pitka v. Ullrich, Superior Court, judicial district of New London at New London, Docket No. 530000 (November 15, 1994, Austin, J.) (13 Conn. L. Rptr. 32) (simple allegation that the defendant deliberately or recklessly violated certain motor CT Page 12693 vehicle statutes insufficient to support a claim for double or treble damages under § 14-295); Lezotte v. Hanover Ins. Co., Superior Court, judicial district of Waterbury, Docket No. 112067 (January 6, 1993, Sylvester, J.) (8 Conn. L. Rptr. 199); Gaudetv. Ziobran, Superior Court, judicial district of Middlesex at Middletown, Docket No. 61126 (June 10, 1992, Austin, J.) (6 Conn. L. Rptr. 862). "Additionally, these courts have held that [t]he reiteration of facts previously asserted to support a cause of action in negligence, without more, cannot be transformed into a claim of reckless misconduct by mere nomenclature." (Internal quotation marks omitted.) St. George v. Connecticut Car RentalCo., Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 554923 (February 27, 1996, Spada, J.).
The plaintiff also notes the split of authority on this issue and asserts that a cause of action pursuant to § 14-295 does not require the same specificity of pleading as a cause of action predicated on common law recklessness. He references a second line of cases which have held that the plaintiff is only required to plead that the operator violated one or more of the statutory provisions enumerated in § 14-295 and that the violation was a substantial factor in causing the plaintiff's injuries. See, e.g., Mitchell v. Viscount, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 333831 (November 26, 1997, Skolnick, J.); Nowitz v. JBH Transportation, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 335166 (January 27, 1997, Melville, J.); Auger v. Baddeley, Superior Court, judicial district of Tolland at Rockville, Docket No. 60334 (January 13, 1997, Rittenband, J.) (18 Conn. L. Rptr. 483);Mascia v. Brewer, judicial district of Stamford/Norwalk at Stamford, Docket No. 149293 (January 6, 1997, D'Andrea, J); St.George v. Connecticut Car Rental Co., supra, Superior Court, Docket No. 554923 ("[T]he plaintiff is only required to allege that the defendant violated one or more of the motor vehicle statutes enumerated in § 14-295."); Armstrong v. Smith,
Superior Court, Judicial district of Hartford/New Britain at Hartford, Docket No. 533947 (December 2, 1994, Sheldon, J.) (13 Conn. L. Rptr. 120); Spencer v. King, Superior Court, judicial district of Middlesex at Middletown, Docket No. 69530 (September 16, 1993, Higgins, J.) (10 Conn. L. Rptr. 48). "Under this line of cases, the plaintiff is only required to plead that the defendant violated one or more of the statutory provisions enumerated in General Statutes Sec. 14-295 and that this violation was a substantial factor in causing the plaintiffs injuries." McGuire v. Ferguson, Superior Court, judicial district CT Page 12694 of Litchfield, Docket No. 068021 (July 31, 1995, Pickett, J.) (14 Conn. L. Rptr. 624, 625-26). According to this view, § 14-295
"does not require the same specificity of pleading which is required to support a cause of action predicated on [common law] recklessness." Spencer v. King, supra, 10 Conn. L. Rptr. 49. The appellate courts have not addressed this issue.
The plaintiff in the present case has alleged that the defendant Reyes caused his injuries and damages by her "deliberate or reckless disregard and violations of Connecticut General Statutes Sections 14-218a and 14-222 . . . and such violations were a substantial factor in causing such injuries and damages." He has therefore satisfied the pleading requirements of the second line of cases which this court finds sufficient to state a claim pursuant to § 14-295.
Count Four
The defendants argue that the plaintiff has failed to state a claim pursuant to count four of the complaint because §14-295 applies only to operators of motor vehicles and the owner cannot be held vicariously liable for the operator's recklessness. While they reference a split of authority on this issue as well, they claim that § 14-295 should be narrowly construed to apply only to operators in light of the common law rule that a principal is not vicariously liable for punitive damages resulting from the acts of an agent as articulated inMaisenbacker v. Society Concordia, 71 Conn. 369, 42 A. 67 (1899).
In count four of his complaint, which incorporates the first three paragraphs of count three, the plaintiff alleges that the motor vehicle operated by the defendant Reyes was leased to her by the owner defendant Rosa.[1] Although the defendants rely substantially on §§ 52-182, 52-183 and the common law rule in support of their motion to strike this count, since the plaintiff has specifically alleged a lessor-lessee relationship, the operative provision is section 14-154a of the General Statutes which reads as follows:
 Any person renting or leasing to another any motor vehicle owned by him shall be liable for any damage to any person or property caused by the operation of such motor vehicle while so rented or leased, to the same extent as the operator would have been liable if he had also been the owner. (Emphasis added.)
CT Page 12695
Although there may be a split of authority that exists in claims that rely solely on §§ 52-182 or 52-183 and there is no appellate authority, the Supreme Court has consistently construed § 14-154a "as imposing on one who rents or leases a motor vehicle to another, the same liability as that of itsoperator. . . ." (Citations omitted; emphasis in original.)Gionfriddo v. Avis Rent A Car Systems. Inc., 192 Conn. 280, 284,472 A.2d 306 (1984). "[T]he owner-lessor is made the alter ego of the operator so that the latter's acts with respect to the operation of the car . . . are in law the acts of the owner-lessor." (Internal quotation marks omitted.) Id., 285. "In imposing a statutory suretyship upon owners and lessors of motor vehicles, § 14-154a makes no distinction between compensatory, exemplary or treble damages." Id. 290. Since the plaintiff has alleged in counts three and four that Rosa was owner-lessor of the vehicle operated by Reyes, assuming the truth of this allegation as the court must on a motion to strike, Rosa "must pay for all damages, including treble damages, properly assessed" against Reyes. Id., 288.
Accordingly, the defendants motion to strike counts two and four, and the prayer for relief for punitive damages is denied.
Peck, J.