[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The plaintiff, Carolyn H. Hamilton has filed a two count complaint alleging, respectively, negligence and recklessness pursuant to General Statutes § 14-295, against the defendants, Thomas G. Zarrelli and Denise S. Russell. The plaintiff alleges in her complaint that Zarrelli, while operating a motor vehicle owned by Russell, struck the plaintiff's vehicle in the rear while she was waiting to make a left hand turn. The plaintiff further alleges that Zarrelli operated the vehicle as an agent of Russell, and under the family car doctrine.
The defendant, Russell, filed a motion to strike count two of the complaint on the ground that she cannot be liable for punitive damages under General Statutes § 14-295.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Novametrix Medical Systems v. BOC Group, Inc.,224 Conn. 210, 214-15, 618 A.2d 25 (1992). "This includes the facts necessarily implied and fairly provable under the allegations. . . . It does not include, however, the legal conclusions or opinions stated in the complaint. . . ." S.M.S.Textile v. Brown, Jacobson, Tillinghast, Lahan and King, P.C.,32 Conn. App. 786, 796, 631 A.2d 340 (1993). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." Id. "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems v.BOC Group, Inc., supra, 224 Conn. 215.
Russell argues that a non-operator/owner is not liable for the punitive damages available under General Statutes §14-295[1] by means of common law, General Statutes §52-182[2], or General Statutes § 52-183[3]. The plaintiff contends that § 52-183[3] expressly imposes liability vicariously on Russell. CT Page 11860
The plaintiff has alleged that Russell is liable under the family car doctrine, § 52-182, however, the plaintiff has not addressed this issue in her memorandum in opposition. Nevertheless, the superior courts which have decided this issue have concluded that neither § 52-182, nor common law, impose punitive damages on the owner for the reckless conduct of the operator. See Gelormino v. Soucy, 13 Conn. L. Rptr. 341 (January 18, 1995, West, J.); Krisak v. Pendergast, 9 Conn. L. Rptr. 286
(June 21, 1993, Lager, J.); Sperger v. Roseman,3 Conn. L. Rptr. 3 (December 5, 1990, Aronson, J.).
The plaintiff has also alleged that Zarrelli operated the vehicle as the servant, agent, or employee of Russell, thereby invoking § 52-183. There is a split of authority in the superior court as to whether liability for punitive damages can be imposed by means of § 52-183. The plaintiff relies onWaslewski v. Robinson, 6 Conn. L. Rptr. 138 (February 11, 1992, Byrne, J.) and Courtois v. Carr, 5 Conn. L. Rptr. 330 (December 12, 1991, Corrigan, J.), which hold that the language of §52-183 raises the presumption that the owner is liable for the reckless operation of the motor vehicle. In further support, the plaintiff also relies upon Rodrigues v. Woodland, 3 CSCR 21
(November 4, 1987, Hale, J.) and Knowling v. Severns, 2 CSCR 235
(January 9, 1987, Noren, J.). The courts in Rodrigues andKnowling cited to Gionfriddo v. Avis Rent A Car Systems, Inc.,192 Conn. 280, 472 A.2d 306 (1984), in which the Supreme Court held that owner-lessors could be vicariously liable under §14-295. Furthermore, the court in Tudhope v. J.P. Jarjura Sons,7 Conn. L. Rptr. 132 (July 23, 1992, Langenbach, J.) determined that an owner may be vicariously liable pursuant to § 14-295
under the reasoning of both lines of cases.
Other superior courts have construed the language of §52-183 and the holding of Gionfriddo differently. The court inMarin v. Plaskawicki, 13 Conn. L. Rptr. 174, 175 (December 8, 1994, Maiocco, J.), stated that "§ 14-295 and § 52-183 do not contain language explicitly allowing for an expansion of the common law restraint on the imposition of multiple damages upon defendant owners whose liability is vicarious. . . ." InCunningham v. Langlois, 5 Conn. L. Rptr. 165 (October 1, 1991, McWeeny, J.), the court distinguished Gionfriddo on the ground that the statute at issue in that case, General Statutes §14-154a, specifically imposed the same liability on the employer-owner as upon the operator, and in the absence of such a statute CT Page 11861 there is no vicarious liability for punitive damages. See alsoByrnes v. General Oil Co. of Hartford, 3 Conn. L. Rptr. 211
(January 23, 1991, Dunn, J.).
I believe this second line of cases is the more persuasive in that the language of § 52-183 does not specifically permit punitive damages to be vicariously imposed upon a non-operator/owner. See Marin v. Plaskawicki, supra,13 Conn. L. Rptr. 174; Cunningham v. Langlois, supra, 5 Conn. L. Rptr. 165;Byrnes v. General Oil Co. of Hartford, supra,3 Conn. L. Rptr. 211. Accordingly, Russell's motion to strike count two is granted.
D'ANDREA, J.