[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE
CT Page 17188
The defendants move to strike the second count of the plaintiff's complaint on two grounds: first, the plaintiff fails to make distinct factual allegations of recklessness or deliberate conduct; second, that liability for double/treble damages may not be imputed to the defendants who are non-operator owners.
The second count of the complaint incorporates the allegations in the first count, specifically that the operator of the motor vehicle was the agent, servant and/or employee of the defendants and was acting within the scope and course of her agency and/or employment, and that the unidentified operator of the vehicle operated that vehicle at an unreasonable, improper and excessive rate of speed in violation of Section 14-218a of the Connecticut General Statutes. Additionally, plaintiff alleges in paragraph eight of the second count that the injuries and damages suffered by the plaintiff are a result of the recklessness of the defendants acting through the unidentified operator in that she deliberately and/or with reckless disregard operated the vehicle at an unreasonable, improper and excessive rate of speed in violation of Section 14-218a of the Connecticut General Statutes which was a substantial factor in causing the plaintiff's injuries.
 DISCUSSION
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff."Waters v. Autuori, 236 Conn. 820, 826, 676 A.2 357 (1996); NovametrixMedical Systems v. BOC Group, Inc., 224 Conn. 210, 214-15, 618 A. 225
(1992). If facts provable in the complaint would support a cause of action, the motion to strike must be denied. Gazo v. City of Stamford,255 Conn. 245, 260, 765 A. 2 505 (2001); Waters v. Autuori, supra at 826.
Although authority continues to be split on the issue of what specificity of pleading is required in actions brought pursuant to C.G.S. Section 14-295, the court finds most persuasive that line of cases holding sufficient an allegation that the defendant deliberately or with reckless disregard violated one of the statutory provisions enumerated therein and that such violation was a substantial factor in causing the plaintiff's injuries. "An award of double damages is appropriate when the defendant has deliberately or with reckless disregard violated one of the CT Page 17189 statutes to which Section 14-295 refers." Bishop v. Kelly, 206 Conn. 608,614, 539, 108 (1988). The court agrees with the plaintiff's position that the allegations pled are sufficient to support a cause of action under Section 14-295. Accordingly, the motion to strike on this ground is denied.
The defendants contend that neither the statutes nor the common law provide a basis for imposing punitive damages non-operator owner defendants for the alleged reckless conduct of the unidentified operator. Again, there is a split of authority as to whether a plaintiff may recover multiple damages from a defendant owner who is alleged to be vicariously liable for an operator's reckless conduct pursuant to C.G.S. Section 14-295. The line of cases holding that a non-operator may not be held vicariously liable for reckless conduct of the operator so hold on the basis that Section 14-295 and Section 52-183 do not contain language explicitly allowing for an expansion of the common law restraint on the imposition of multiple damages upon defendant owners whose liability is vicarious. See Main v. Plaskawicki, Superior Court, Judicial District of Fairfield at Bridgeport, Docket No. CV940313690 (Dec. 8, 1994, Maiocco,J.) (13 Conn. L. Rptr. 174): Little v. Bonesse, Superior Court, Judicial District of New Haven at New Haven, Docket No. 427368 (July 5, 2000,Levin, J.); Comparone v. Cooper, Superior Court, Judicial District of Fairfield at Bridgeport, Docket No. CV-92293125 (Aug. 27, 1992, Lewis,J.) (1993 W.L. 219293). Cases holding that non-operator owners may be held vicariously liable for multiple damages for injures caused by an operator's reckless violation of an enumerated motor vehicle law so hold on the basis of reading the plain words of the statutes. Santillo v.Arredono, Superior Court, Judicial District of New Haven at New Haven, Docket No. 442323 (March 21, 200, Blue, J.); Prezioso v. GreaterBridgeport Transit Authority, Superior Court, Judicial District of Fairfield at Bridgeport, Docket No. CV96-0337357, (December 29, 1997,Skolnick, J.); Sullivan v. Skully, Superior Court Docket No. CV95-1258823, (March 20, 1998, Eponisa, J.); Zarcru v. Keith, Superior Court Docket No. CV97-0057132S, (June 26, 1997, Flynn, J.); Lyte v.Cain, Superior Court Judicial District at Milford, No. CV-98063138, (August 25, 1998, Flynn, J.) Redman v. Rosa, Judicial District of Hartford at Hartford, Docket No. CV98-0579596, (October 29, 1998, Peck,J.).
Connecticut General Statutes Section 14-295 provides that in any civil action to recover damages resulting from personal injury, wrongful death or damage to property, the trier of fact may award double or treble damages if the injured party has specifically pleaded that another party has deliberately or with reckless disregard operated a motor vehicle in violation of (several enumerated motor vehicle statutes), and that such violation was a substantial factor in causing such injury, death or CT Page 17190 damage to property. General Statutes Section 52-183 provides that in any civil action brought against the owner of a motor vehicle to recover damages for the negligent or reckless operation of the motor vehicle, the operator, if he is other than the owner of the motor vehicle, shall be presumed to be the agent and servant of the owner of the motor vehicle and operating it in the course of his employment. The defendant shall have the burden of rebutting the presumption.
Statutes in derogation of common law should receive a strict construction and should not be extended, modified, repealed or enlarged in their scope by the mechanics of construction. Williams Ford, Inc. v.Hartford Currant, Co., 232 Conn. 559, 581, 657, 212 (1995). The language in General Statutes Section 52-183 clearly establishes an agency relationship between the owner and operator of a motor vehicle for the purposes of recovering damages in a civil action brought for negligent orreckless operation of a motor vehicle. Section 14-295 clearly provides for multiple damages for violations of certain motor vehicle statutes. It is neither necessary nor warranted for this court to attempt to read beyond the plain language of the statutes.
Accordingly, the defendant's motion to strike is denied.
GALLAGHER, JUDGE.